Filed:  July 20, 2010

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 08-8501

SAMUEL ALBRIGHT BROWN, JR.,

             Plaintiff - Appellant,

        v.

NORTH CAROLINA DEPARTMENT OF CORRECTIONS; FNU WINKLER,
Officer; FNU SIMMS, Officer; FNU TEAGUE, Officer,

             Defendants - Appellees.

O R D E R

Upon Appellant's motion for publication of the court's opinion,

IT IS ORDERED that the motion to publish is granted.

The court amends its opinion filed January 11, 2010, as follows:

On the cover sheet, section 1 -- the status is changed from "UNPUBLISHED" to "PUBLISHED."

On the cover sheet, section 6 -- the status line is changed to read:  "Vacated and remanded by published opinion."

On the cover sheet -- the final line referencing the use of unpublished opinions as precedent is deleted.

For the Court - By Direction

_/s/ Patricia S. Connor_

Clerk

**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

SAMUEL ALBRIGHT BROWN, JR.,

   *Plaintiff-Appellant,*

   v.

NORTH CAROLINA DEPARTMENT OF
CORRECTIONS; FNU WINKLER,
Officer; FNU SIMMS, Officer; FNU
TEAGUE, Officer,

   *Defendants-Appellees.*

No. 08-8501

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Graham C. Mullen, Senior District Judge.
(5:08-cv-00113-GCM)

Argued: October 27, 2009

Decided: January 11, 2010

Before MICHAEL and GREGORY, Circuit Judges,
and Benson E. LEGG, United States District Judge for the
District of Maryland, sitting by designation.

Vacated and remanded by published opinion. Judge Legg
wrote the opinion, in which Judge Michael and Judge Gregory
joined.

**COUNSEL**

**ARGUED**: Charles Matthew Hill, PUBLIC JUSTICE CEN-
TER, Baltimore, Maryland, for Appellant. James Philip Allen,
NORTH    CAROLINA    DEPARTMENT    OF    JUSTICE,
Raleigh, North Carolina, for Appellees. **ON BRIEF:** Roy
Cooper, Attorney General, Raleigh, North Carolina, for
Appellees.

---

**OPINION**

LEGG, District Judge:

Samuel Albright Brown, an inmate incarcerated at the
Alexander Correctional Institute ("ACI") in Taylorsville,
North Carolina, filed the instant suit under 42 U.S.C. § 1983,
alleging that Defendants, Correctional Officers Winkler,
Teague, and Simms, and the North Carolina Department of
Corrections, violated his rights under the Eighth Amendment
of the United States Constitution. Specifically, Brown alleges
that Defendants were deliberately indifferent to the serious
harm he suffered at the hands of a fellow inmate. The district
court, after reviewing the complaint pursuant to 28 U.S.C.
§ 1915A, dismissed the complaint for failure to state a claim
upon which relief may be granted. Because we disagree with
the district court's finding that Brown's complaint fails to
state a claim upon which relief may be granted, we vacate its
dismissal of the case and remand the matter for further pro-
ceedings.

I.

Brown's complaint alleges the following facts. On May 9,
2008, an ACI staff member instructed him to enter the "Hous-
ing Block" to retrieve a number of cleaning supplies. The staff
member gave the instruction despite having knowledge that

another inmate in the Housing Block harbored a grudge against Brown. While gathering the cleaning supplies, Brown was assaulted and brutally beaten by that inmate. As a result of that assault, a steel plate was inserted into Brown's jaw and he received "ongoing" medical care for "permanent" injuries.

Brown's complaint further alleges that Officer Simms was in "the Block" when the assault occurred, that Officer Teague observed the assault, and that the "staff officers in question were [n]egligent and placed [Brown] in a dangerous and vulnerable position."

In an administrative grievance form attached to his complaint, Brown specified that Officer Winkler was the staff member who was aware of the other inmate's grudge against Brown but nonetheless sent him to pick up cleaning supplies. The administrative grievance form also alleges that Officer Teague admitted to Brown that he witnessed the assault but chose not to intervene.

The district court dismissed the case pursuant to § 1915A, finding that Brown's complaint failed to state a claim upon which relief may be granted. Brown now appeals the dismissal of his claims against Officers Winkler, Teague, and Simms. He does not appeal, however, the dismissal of his claim against the North Carolina Department of Corrections.

## II.

Under § 1915A, district courts are required to review "any complaint in a civil action in which a prisoner seeks redress from a governmental entity." 28 U.S.C. § 1915A(a). In doing so, a court must either "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its

face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twobly*, 550 U.S. 544, 570 (2007)). In evaluating a complaint, this Court "will construe the factual allegations 'in the light most favorable to the plaintiff.'" *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991) (quoting *Battlefield Builders v. Swango*, 743 F.2d 1060, 1062 (4th Cir. 1984)). Here, "[l]iberal construction of the pleading is particularly appropriate" because it "is a pro se complaint raising civil rights issues." *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978) (citing *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). We review de novo dismissals for failure to state a claim. *Schatz*, 943 F.2d at 489.

## III.

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Not every injury suffered by a prisoner at the hands of another establishes liability against a prison official, however. To make a valid claim under the Eighth Amendment, a prisoner must satisfy two elements. First, "the deprivation alleged must be sufficiently serious." *Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 770 (4th Cir. 2003) (internal quotation marks and citation omitted). "To demonstrate such an extreme deprivation, a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions." *Id.* In this case, it is uncontested that Brown suffered significant physical injuries as a result of the other inmate's attack.

Second, a prisoner must demonstrate that the prison official had a "sufficiently culpable state of mind." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). When an inmate makes a challenge under the Eighth Amendment, "the requisite state of mind is one of deliberate indifference to inmate health or safety." *Id.* (internal quotation marks and citation omitted). A prison official demonstrates deliberate indifference if he "knows of and disregards an excessive risk to

inmate health or safety." *Id.* In other words, "the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Case v. Ahitow*, 301 F.3d 605, 607 (4th Cir. 2002).

Applying that two-pronged test to the instant facts, we hold that the district court erred in dismissing Brown's claims against Officers Winkler, Teague, and Simms.

A.

The State of North Carolina, representing each of the Defendants, concedes error with respect to the claims against Officers Winkler and Teague. The state acknowledges that the complaint sufficiently alleges that Officer Teague observed the altercation and failed to respond. The state also acknowledges that Brown's administrative grievance form states that Officer Winkler was aware of the other inmate's grudge but still sent Brown into the Housing Block to pick up supplies. We agree that those allegations sufficiently state a claim upon which relief may be granted. As a result, the district court should not have dismissed Brown's claims against Officers Winkler and Teague.

B.

The State of North Carolina does not concede error with respect to the claim against Officer Simms. The state contends that no reasonable person could infer from the complaint that Officer Simms knew of the assault in time to intervene, yet deliberately and indifferently failed to do so.

We disagree with that reading of the record. Brown's complaint alleges that Officer Simms was in "the Block" when the assault occurred. A reasonable person could infer from that statement that Officer Simms was aware of the attack, and

that his failure to intervene represented deliberate indifference to a serious risk of harm.

Similarly, Brown's complaint states that "staff members" were aware of the other inmate's grudge, that the staff members knew there were prior problems between that inmate and Brown, and that they placed Brown "in a [d]angerous and vulnerable position." Because there were only three ACI correction officers designated in the complaint, it is reasonable to assume that Brown was naming Officer Simms when he described the staff members who were deliberately indifferent to the serious harm posed by his fellow inmate. Accordingly, the district court should not have dismissed Brown's claim against Officer Simms.

### IV.

Because Brown's complaint alleges facts sufficient to state a plausible claim, we vacate the district court's dismissal under § 1915A and remand the matter for further proceedings.

*VACATED AND REMANDED*