SHEDD, Circuit Judge,
concurring in part and dissenting in part:
I agree that Makdessi waived his appellate challenge to the judgment in favor of *140 defendants Bellamy, Boyd, and Hall. However, I disagree that the judges below improperly analyzed Makdessi’s Eighth Amendment claim against defendants Fields, King, and Gallihar. In my view, the majority’s consideration of the judgment in favor of the latter three defendants is more akin to a summary judgment review than a bench trial review, and it fails to adequately account for the factual findings made by the magistrate judge and reviewed de novo by the district judge.[1]
I
For purposes of this appeal, it is'established that Makdessi was assaulted and injured by his cellmate, Smith, on December 21, 2010. The unfortunate reality is that prisons housing inmates convicted of violent crimes are “inherently dangerous places,” United States v. Tokash, 282 F.3d 962, 970 (7th Cir.2002),[2] where “acts of violence by inmates against inmates are inevitable,” Shrader v. White, 761 F.2d 975, 980 (4th Cir.1985), and the elimination of such violence is “virtually impossible,” Taylor v. Freeman, 34 F.3d 266, 273 n. 6 (4th Cir.1994). Although the Eighth Amendment imposes a duty on prison officials to protect inmates from violence, Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), “[n]ot every injury suffered by [an inmate] at the hands of another establishes liability against a prison official,” Brown v. N.C. Dept. of Corr., 612 F.3d 720, 723 (4th Cir.2010). Rather, a prison official violates the Eighth Amendment only if he has a “sufficiently culpable state of mind.” Farmer, 511 U.S. at 834, 114 S.Ct. 1970 (internal punctuation and citation omitted).
“The burden is on the [inmate] to demonstrate that prison officials violated the Eighth Amendment, and that burden is a heavy one.” Pyles v. Fahim, 771 F.3d 403, 408-09 (7th Cir.2014). Pertinent here, “[a] prison official’s ‘deliberate indifference’ to a substantial risk of serious harm to an inmate violates the Eighth Amendment.” Farmer, 511 U.S. at 828, 114 S.Ct. 1970. A prison official “demonstrates deliberate indifference if he knows of and disregards an excessive risk to inmate health or safety;” stated otherwise, “the test is whether the [prison official knows] the plaintiff inmate faces a serious danger to his safety and ... could avert the danger easily yet ... fail[s] to do so.” Brown, 612 F.3d at 723 (internal punctuation and citations omitted).
Deliberate indifference “is a very high standard,” Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999), which “make[s] it considerably more difficult for [an inmate] to prevail than on a theory of ordinary negligence,” Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 73, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001). It is a subjective standard, Farmer, 511 U.S. at '829, 114 S.Ct. 1970, that requires an inmate to prove “that the prison official had actual knowledge of an excessive risk to [his] safety,” Danser v. Stansberry, 772 F.3d 340, 347 (4th Cir.2014). The prison official “must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.” Farmer, 511 U.S. at 837, 114 S.Ct. 1970.
*141 “Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.” Id. at 842, 114 S.Ct. 1970. Thus, if a prisoner “presents evidence showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.” Id. at 842-43, 114 S.Ct. 1970 (internal punctuation and citation omitted).
However, “[tjhat a trier of fact may infer knowledge from the obvious ... does not mean that it must do so.” Id. at 844, 114 S.Ct. 1970. Therefore, prison officials may defeat an Eighth Amendment claim by showing, “for example, that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger .Id. This is true even “if the risk was obvious and a reasonable prison official would have noticed it.” Id. at 842, 114 S.Ct. 1970. Moreover, although the inmate may prove deliberate indifference by circumstantial evidence, he may not rely on “unsupported speculation.” Danser, 772 F.3d at 348 n. 10.
II
Makdessi did not invoke his jury trial right; therefore, the. district judge referred this case to the magistrate judge “for appropriate proceedings and preparation of proposed findings of fact and conclusions of law and recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).” J.A. 997. As Makdessi notes, the eviden-tiary hearing before the magistrate judge was “‘the equivalent of a bench trial.’” Opening Brief for Makdessi, at 28 (quoting Hicks v. Norwood, 640 F.3d 839, 842 (8th Cir.2011)). The majority appears to agree with this characterization. See Majority Op., .at 132 (noting standard of review from a bench trial judgment).
In this posture, we must accept the trial judge’s factual findings unless they are clearly erroneous, but we review the judge’s legal determinations de novo. F.T.C. v. Ross, 743 F.3d 886, 894 (4th Cir.), cert. denied, — U.S. -, 135 S.Ct. 92, 190 L.Ed.2d 38 (2014). The majority primarily bases its decision to vacate the judgment on its conclusion that the judges below “failed to appreciate that the subjective ‘actual knowledge’ standard required to find deliberate indifference may be proven by circumstantial evidence that a risk was so obvious that it had to have been known.” Majority Op., at 136. The record belies this conclusion.
A.
Prior to the bench trial, the district judge denied these defendants’ summary judgment motion. At the summary judgment stage, the district judge was required to view the facts in the light most favorable to Makdessi, the nonmoving party. Ricci v. DeStefano, 557 U.S. 557, 586, 129 S.Ct. 2658, 174 L.Ed.2d 490 (2009). In essence, the district judge was required to accept as true Makdessi’s version of events.[3] The district judge expressly not *142 ed that deliberate indifference may be proven by circumstantial evidence, J.A. 226, and he concluded that ■ “Makdessi’s allegations and evidence are sufficient to present disputed issues of material fact as to whether each of these defendants must have known facts before December 21, 2010, on which they must have perceived that housing Makdessi in the same cell with Smith created a substantial and imminent risk that Smith would cause Makdessi serious harm,” J.A. 229. The summary judgment ruling faithfully .applied the Farmer deliberate indifference standard.
This case thereafter proceeded to the bench trial before the magistrate judge, and Makdessi bore the burden of proving his Eighth Amendment claim. The magistrate judge made specific and detailed factual findings based on the evidence presented. The magistrate judge recognized that Makdessi argued that Fields, King, and Gallihar failed to protect him from the December 21, 2010, assault “based on information they had received either verbally directly from Makdessi or through grievances Makdessi had filed prior to that time, from which they learned Smith posed a substantial risk to his safety.” J.A. 969. Addressing these arguments, the magistrate judge found that (1) Makdessi did not personally inform Fields, King, or Gallihar before December 21, 2010, that he feared for his. safety, J.A. 972, 976; and (2) Mak-dessi failed to prove that these defendants knew of his prior grievances before December 21, 2010, J.A. 97374, 976. In light of these findings, the magistrate judge recommended that judgment be entered in these defendants’ favor.
Makdessi objected to the magistrate judge’s report and recommendation, and the district judge extensively reviewed de novo Makdessi’s objections. In doing so, the district judge properly recognized the controlling legal standard, see J.A. 1000 (noting that deliberate indifference may be shown by circumstantial evidence), and he thoroughly detailed his bases for overruling Makdessi’s objections.
The district judge first explained that Makdessi failed to object to the magistrate judge’s specific factual finding that he did not personally inform Fields, King, or Gal-lihar before December 21, 2010, that he feared for his safety. J.A. 1003. The district judge then examined Makdessi’s objections regarding the magistrate judge’s consideration of “other evidence that Smith posed a risk to Makdessi.” J.A. 1003. Pointing directly to the magistrate judge’s factual findings and other evidence in the record, the district judge specifically considered and rejected Mak-dessi’s arguments that (1) he proved deliberate indifference by showing that the risk of harm was longstanding and well-documented, and the circumstances suggest that the defendants had been exposed to information concerning the risk, J.A. 1004; (2) judgment in Makdessi’s favor is proper because the defendants’ response was so patently inadequate that they must have known of the risk, J.A. 1006; (3) the risk to Makdessi was so obvious that the defen *143 dants knew of it becaúse they could not have failed to know of it, J.A. 1007; and (4) because the defendants knew Makdessi had been labeled as a snitch, they must have known how that the label exposed him to retaliation or risk of assault, J.A. 1008. Accordingly, the district judge overruled Makdessi’s objections, adopted the report and recommendation, and entered judgment against Makdessi.
B.
As noted, the majority concludes that the judges below failed to appreciate that Makdessi could prove his case by circumstantial evidence. Explaining its decision, the majority identifies several “facts” that it believes are sufficient for a factfinder to find that the risk of harm Smith posed to Makdessi was so obvious that defendants Fields, King, and Gallihar must have known of it. See Majority Op., at 134-35. Specifically, the majority states:
(1) “Makdessi is a short, middle-aged prisoner with physical and mental problems that make him ‘vulnerable to harassment and attacks by other inmates;’ ”[4]
(2) “For years, Makdessi complained to prison officials, including in the form of numerous written letters and grievances, about physical and sexual abuse he suffered in prison;”
(3) “Those complaints often garnered no response, and one response — to a December 2009 complaint expressly mentioning sexual assault — simply stated ‘Hopefully you will be well soon;’ ”
(4) “Despite Makdessi’s stature, vulnerability, and repeated complaints, Mak-dessi was placed in a cell with an aggressive prison gang member, Smith, in August 2010;”
(5) “By the end of October 2010, Mak-dessi filed a report ‘stating that he had been sexually assaulted by his cellmate;’ ”
(6) “Yet ‘the standard protocol of separating inmates alleging sexual assault was not followed when Makdessi filed’ the October 2010 report;” and
(7) Makdessi “was left in the cell with Smith until his physical and mental injuries from the December 21, 2010 attack sent him to the prison infirmary for a month and a half.”
The majority then acknowledges that even if Makdessi shows on remand “that the risk of serious harm he faced was so obvious that [the defendants] must have known it, [the defendants] may still be able to successfully rebut the charge.” Majority Op., at 136.
If this was an appeal from the grant of summary judgment (like Farmer), then I might agree with the majority’s analysis that further consideration is merited. However, the record makes it clear that this inquiry has already occurred: the judges below considered this evidence and made appropriate factual findings by which these defendants completely rebutted Makdessi’s claim.
“To establish that a risk is ‘obvious’ in this legal context, a plaintiff generally is required to show that the defendant ‘had been exposed to information concerning the risk and thus must have known about it.’” Danser, 772 F.3d at 348 (quoting Farmer, 511 U.S. at 842, 114 S.Ct. 1970). Most of the facts identified by the majority involve the grievances and complaints Makdessi filed before December 21, 2010. As the district judge implicitly recognized *144 in denying summary judgment, the number of Makdessi’s prior grievances might well be sufficient to permit a factfinder to conclude that the defendants knew of a substantial risk to him. However, based on the trial evidence presented (both direct and circumstantial), the magistrate judge and the district judge found that the defendants did not have actual knowledge of the grievances. This finding is not clearly erroneous, and the majority does not contend otherwise. Therefore, further consideration of the prior grievances is irrelevant to Makdessi’s claim against these defendants. See Danser, 772 F.3d at 348^49 (rejecting Eighth Amendment claim because there was no evidence that prison official was exposed to information concerning risk to the inmate).[5]
Removing the prior grievances from the analysis leaves only the following facts identified by the majority: Makdessi’s self-description of his physical and mental problems and his assertion that he was vulnerable to harassment and attacks by other inmates; Makdessi’s placement in a cell with a known prison gang member, Smith, in August 2010; and Smith’s December 21, 2010, assault on Makdessi. Of course, it should be self-evident that the fact that Smith assaulted Makdessi on December 21, 2010, does nothing to suggest that any defendant knew (or should have known) before that day that Smith posed a risk of serious harm to Makdessi.
The majority is thus left with the fact that the “vulnerable” Makdessi was housed in a cell with the “aggressive prison gang member” Smith before the assault occurred. This fact, without more, does not suggest that the defendants were deliberately indifferent to Makdessi’s safety. See, e.g., Shields v. Dart, 664 F.3d 178, 181 (7th Cir.2011) (explaining that- “a general risk of violence in a maximum security unit does not by itself establish knowledge of a substantial risk of harm” for purposes of the Eighth Amendment); Ruefly v. London, 825 F.2d 792, 794 (4th Cir.1987) (affirming in a pre-Farmer case the dismissal of an Eighth Amendment complaint because the plaintiff only alleged that the prison officials “generally knew” that the inmate who assaulted him was a violent person). In any event, the district judge explained that “[ejach of the defendants testified that he had no involvement in assigning cellmates.” J.A. 1007. Therefore, the decision to house Makdessi and Smith together has no bearing as to whether these defendants violated the Eighth Amendment. See Wright v. Collins, 766 F.2d 841, 850 (4th Cir.1985) (“In order for an individual to be hable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs rights.” (internal punctuation omitted)).
C.
In denying the summary judgment motion, the district judge recognized that Makdessi alleged facts and circumstances sufficient to permit a trier of fact to find that defendants Fields, King, and Gallihar were deliberately indifferent. However, at the subsequent bench trial, the magistrate judge — sitting as the factfinder — and the district judge — who reviewed the objections to the report and reeommendation-carefully considered the evidence presented, and they concluded that Makdessi *145 failed to meet his high burden of proving deliberate indifference. The decision is amply supported by the evidence presented, the factual findings, and the controlling legal standard, and neither Makdessi nor the majority has presented a sufficient reason to set aside that decision.[6] Accordingly, the judgment in favor of Fields, King, and Gallihar should be affirmed.
III
Based on the foregoing, I concur in Part II of the majority opinion, but I dissent from the remainder.

. I disagree with much of my colleague's separate concurring opinion. However, because . she has joined the majority opinion, which speaks for the Court, I will limit my comments to that opinion.

. Makdessi is certainly an inmate convicted of violent crimes. He is serving two life sentences for the murders of his wife and a third-party. See Makdessi v. Watson, 682 F.Supp.2d 633 (E.D.Va.2010). Before being prosecuted,- he collected $700,000 from his wife’s life insurance policies. See J.A. 658.

. The majority recounts Makdessi’s testimony in detail, see Majority Op., at 129-31, but devotes only one paragraph to the defendants’ version of events, see id. at 130. Notably, *142 much of Makdessi's self-serving testimony was not credited by the judges below and does not constitute the "facts” of the case. For example, the majority notes that Makdes-si testified that on the day before Smith assaulted him, he told defendant Fields "that he feared for his life due to his cellmate Smith, a gang leader, and that he wanted to be placed in protective custody.” Majority Op., at 130. However, the magistrate judge specifically rejected this testimony, finding it to be “incredible.” J.A. 972. The majority also states that Makdessi testified that Smith raped him on December 21, 2010. See Majority Op., at 130. However, one witness (Dr. Thompson) testified that Makdessi expressly denied that Smith raped him. See J.A. 731-32, 738-39. Ultimately, the magistrate judge made no finding that Makdessi was raped.

. The magistrate judge actually stated that Makdessi "described himself as a 5'4", 49-year-old man with both physical and mental ailments rendering; him vulnerable to harassment and attacks by other inmates.” J.A. 956 (emphasis added).

. The majority does not point to any evidence tending to establish that these defendants deliberately blinded themselves to Makdessi's grievances. Moreover, as I have noted, Mak-dessi cannot rely on unsupported speculation to establish deliberate indifference. Danser, 772 F.3d at 348 n. 10.

. As a second reason for vacating the judgment, the majority states that "the court below focused on'factors that, under Farmer, may .be irrelevant.” Majority Op., at 136. When the decision below is viewed in its entirety and in its proper context, it is clear that the judges fairly considered, and decided the case on, all of the evidence presented.