**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-6840**

LLOYD EUGENE BROWN,

        Plaintiff - Appellant,

    v.

JOHN J. LAMANNA, Warden of FCI-Edgefield; WAYNE SMITH, Camp
Administrator; BRIAN FINNERLY, Special Housing Unit
Lieutenant; JASON KAPRAL, Special Housing Unit Officer and
in their official capacities,

        Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  R. Bryan Harwell, District
Judge.  (2:06-cv-00390-RBH)

Submitted:  November 21, 2008    Decided:  December 29, 2008

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished
per curiam opinion.

Lloyd Eugene Brown, Appellant Pro Se. Beth Drake, Assistant
United States Attorney, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lloyd Eugene Brown appeals from the district court's grant of summary judgment to Defendants in his suit regarding prison conditions. Brown raises claims under Biven v. Six Unknown Named Agents, 403 U.S. 388 (1971), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA"). We find that Brown's claims of overcrowding and violations of the ADA and RA were correctly rejected by the district court. Accordingly, we affirm the judgment on these claims for the reasons stated by the district court. Brown v. LaManna, No. 2:06-cv-00390-RBH (D.S.C. Mar. 27, 2008). However, we vacate the portion of the district court's order granting summary judgment on Brown's claims that his crutches were improperly confiscated, that he was denied recreation for sixty-five days, and that he was not given a handicapped accessible shower. Finding that Brown has raised disputed issues of material fact concerning these claims, we remand them for further proceedings.

To state a claim for relief under the Eighth Amendment, the plaintiff must establish that a prison official was deliberately indifferent to a serious condition, medical need, or risk of harm. See Short v. Smoot, 436 F.3d 422, 427 (4th Cir. 2006). In addition, conditions that deprive a prisoner of basic human needs, involve the wanton and unnecessary infliction of pain, or constitute extreme

2

deprivation disproportionate to the severity of the crime amount to cruel and unusual punishment under the Eighth Amendment. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). With regard to lack of recreation, an inmate must show specific harm resulting from the deprivation and a complete denial for an extended period of time. Compare Mitchell v. Rice, 954 F.2d 187, 192 (4th Cir. 1992) (seven months without out-of-cell exercise violated constitutional standards of decency), and Knight v. Armontrout, 878 F.2d 1093, 1095-96 (8th Cir. 1989) (thirteen days without recreation does not rise to Eighth Amendment violation). Complaints about infrequent showers state a constitutional violation only upon a showing that the deprivation is a serious one to which defendants were deliberately indifferent. See Wilson v. Seiter, 501 U.S. 294, 303 (1991).

We review de novo a district court's order granting summary judgment and view the facts in the light most favorable to the nonmoving party. Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); United States Dep't of Labor v. N.C. Growers Ass'n, 377 F.3d 345, 350 (4th Cir. 2004). The non-movant is entitled "to have the credibility of his evidence as forecast assumed, his

3

version of all that is in dispute accepted, [and] all internal conflicts in it resolved favorably to him." Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). To raise a genuine issue of material fact, Brown may not rest upon the mere allegations or denials of his pleadings. Fed. R. Civ. P. 56(e). Rather, he must present evidence supporting his position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).

The district court relied primarily on the affidavits of a prison physician and the Defendants to show that the Defendants contacted prison medical staff and determined that crutches were not medically required once Brown was transferred to the Special Housing Unit ("SHU"), where he remained for sixty-five days. Specifically, the court noted that "medical records stated that Plaintiff was able to ambulate without assistance" and that Defendants were informed as such when they inquired. These determinations formed the basis of the district court's decision.

However, our review of the medical records reveals that they are, in fact, ambiguous. They do not state that crutches or a wheelchair are medically necessary, but they also do not state that Brown can ambulate without assistance.

4

Instead, they merely record that, in the summer prior to his stint in SHU, Brown ambulated with crutches. As such, we find that the medical records are insufficient to show that Brown was ambulatory without assistance. Moreover, Brown submitted affidavits and other evidence showing that, prior to his incarceration, he had been found to be disabled, requiring crutches and/or a wheelchair; that he was unable to stand or walk without assistance; that he repeatedly complained of pain while in SHU; that he repeatedly complained of lack of recreation and access to the shower while in SHU; that, when he was transferred during his stay in SHU, officials used crutches or a wheelchair; and that, since being released from SHU, he has been confined to a wheelchair.

While Brown does not (and logically could not) dispute that officials checked on his condition and were told by medical staff that crutches were not a medical necessity, these affidavits cannot completely shield Defendants from claims of deliberate indifference. First, Brown asserts that his condition was blatant and obvious--he could not stand or walk without assistance and was constantly in a great deal of pain. See Brice v. Virginia Beach Corr. Ctr., 58 F.3d 101, 105 (4th Cir. 1995) (noting that official cannot hide behind an excuse that he was unaware of a risk, if the risk was obvious and that official is charged with confirming inferences he strongly

suspects exist). Second, if Brown's allegations are true, Defendants were obliged to further investigate his condition to determine if it had deteriorated or whether the initial diagnosis was incorrect. See McElligott v. Foley, 182 F.3d 1248, 1258 (11th Cir. 1999) (holding that jury could find deliberate indifference where prison staff failed to respond to deteriorating condition); Greeno v. Daley, 414 F.3d 645, 655 (7th Cir. 2005) (finding that "dogged[] persist[ance] in a course of treatment known to be ineffective" can violate the Eighth Amendment). While Brown did see a physician while in SHU, Defendants do not allege that they asked this physician about Brown's condition, even after receiving Brown's grievances stating that he was unable to shower or recreate. Finally, the fact that the crucial conversation between medical staff and the prison officials was not reduced to writing or otherwise memorialized in the medical records would seem to militate against blindly accepting its veracity, especially in light of Brown's conflicting affidavits.

In short, we find that Brown has sufficiently raised a material issue of fact as to whether crutches or a wheelchair were medically necessary for him to ambulate, recreate, take a shower, ease his pain, and prevent further damage. Moreover, Brown presented evidence showing that he could not recreate or take a shower without assistance and that Defendants refused

6

assistance in the face of his obvious need, resulting in over two months without a shower or recreation. In addition, Brown asserts that the Defendants' failure to address his obvious needs resulted in a deteriorated condition. While a trier of fact may find that, under all the circumstances, prison officials were entitled to rely on the medical staff's conclusions or were not aware of Brown's condition, Brown has raised questions about the credibility of Defendants' affidavits and other material issues of fact that should be resolved at trial. See Gray v. Spillman, 925 F.2d 90, 95 (4th Cir. 1991) (holding that summary judgment may not be granted when there is opposing sworn testimony, even when one side's story is hard to believe).

Accordingly, we vacate the district court's judgment on Brown's claims discussed above and remand for further proceedings. The remainder of the district court's judgment is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART