**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7360**

ERIC JOSEPH DEPAOLA,

Plaintiff - Appellant,

v.

HAROLD W. CLARKE; DAVID ROBINSON; G. K. WASHINGTON; FRED
SCHILLING; E. R. BARKSDALE; V. PHIPPS; DR. MCDUFFIE; DR. SMITH;
DR. MULLINS; L. STUMP; L. MULLINS; T. COX; S. FLETCHER; HUFF;
TRENT,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at
Roanoke.  James P. Jones, District Judge.  (7:15-cv-00403-JPJ-RSB)

Argued:  December 6, 2017                          Decided:  March 9, 2018

Before NIEMEYER, TRAXLER, and KEENAN, Circuit Judges.

Affirmed in part, reversed in part, and remanded by published opinion.  Judge Keenan
wrote the opinion, in which Judge Niemeyer and Judge Traxler joined.

**ARGUED:** Charles Christopher Moore, WHITE & CASE, LLP, Washington, D.C., for
Appellant.  Trevor Stephen Cox, OFFICE OF THE ATTORNEY GENERAL OF
VIRGINIA, Richmond, Virginia, for Appellees Harold W. Clarke, David Robinson, G.K.
Washington, Fred Schilling, E.R. Barksdale, S. Fletcher, Huff, and Trent.  John Thomas
Jessee, LECLAIR RYAN, PC, Roanoke, Virginia, for Appellee Dr. McDuffie.  Carlene
Booth Johnson, PERRY LAW FIRM, PC, Dillwyn, Virginia, for Appellees V. Phipps,

Dr. Smith, Dr. Mullins, L. Stump, L. Mullins, and T. Cox.  **ON BRIEF:** Daniel Levin, Michelle Letourneau-Belock, Yakov Malkiel, Kathryn Mims, Iesha S. Nunes, WHITE & CASE, LLP, Washington, D.C., for Appellant.  Joseph M. Rainsbury, Ashlee A. Webster, LECLAIR RYAN, Roanoke, Virginia, for Appellee Dr. McDuffie.  Mark R. Herring, Attorney General, Matthew R. McGuire, Acting Deputy Solicitor General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees Harold W. Clarke, David Robinson, G.K. Washington, Fred Schilling, E.R. Barksdale, S. Fletcher, Huff, and Trent.

---

BARBARA MILANO KEENAN, Circuit Judge:

Eric J. DePaola, an inmate at the Red Onion State Prison in Virginia (Red Onion), appeals from the district court's dismissal of his allegations under 42 U.S.C. § 1983 that certain officials at Red Onion denied him medical treatment for serious mental and physical health needs, in violation of his Eighth Amendment rights. In dismissing DePaola's complaint, the district court held that: (1) DePaola's claims accruing outside Virginia's two-year statute of limitations were time-barred; and (2) his remaining allegations failed to state a claim that the defendants were "deliberately indifferent" to any serious medical needs.

Upon our review, we apply the "continuing violation" doctrine and hold that DePaola's claims are not time-barred. We further hold that DePaola sufficiently has alleged deliberate indifference by certain defendants to his serious mental health needs, but that he has not adequately alleged deliberate indifference to his physical health needs. Accordingly, we affirm in part, and reverse in part, the district court's judgment, and remand the case to the district court for further proceedings.

I.

In reviewing the defendants' motions to dismiss, we accept as true the factual allegations set forth in DePaola's complaint and draw reasonable inferences therefrom in his favor. *See King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (stating standard and noting that we construe a pro se complaint liberally). DePaola alleges that, since he was six years old, he has received both inpatient and outpatient treatment for

3

several mental illnesses. He has taken prescription medications for depression, ADHD, hallucinations, and psychomotor agitation. DePaola claims that this mental health history was documented in a court-ordered psychological evaluation completed before his trial and in his presentence report.

The clinical psychologist who submitted the court-ordered evaluation concluded that DePaola suffered from "a major mental illness that involves depression and impulsivity, as well as irrational thinking and poor judgment." The psychologist reported that DePaola had "a long history of mental health treatment" for symptoms of depression, psychomotor agitation, recurring suicidal thoughts, and bizarre thoughts. The psychological evaluation also included a recommendation that DePaola receive "ongoing mental health treatment" and that he likely suffered from "incipient Bipolar Disorder."

When DePaola entered the Virginia Department of Corrections' (VDOC) prison system in 2004 at the age of seventeen, he allegedly informed officials that he had been diagnosed with mental illnesses. Nevertheless, since DePaola's transfer to Red Onion in 2007, Red Onion officials have kept him continuously in solitary confinement. DePaola's projected release date is in August 2039.

DePaola alleges that he continues to experience mental health problems, including extreme agitation, hyperactivity, depression, hopelessness, sleeplessness, and bizarre thoughts. He further alleges that he has attempted suicide on two occasions at Red Onion. First, in May 2010, he "became suicidal," causing mental health officials to order that he "be placed in five point (strap down) restraints for approx. 24 [hours]." Additionally, DePaola alleges that "[a] short while thereafter, [he] again became suicidal

4

& began to starve himself . . . . [He] was placed on strip cell precautions as a result[, and] only started eating again after he was told that he would be able to speak to the prison psychiatrist." DePaola also claims that he has developed certain physical health problems while at Red Onion, including irritable bowel syndrome and a rash on his penis, and that he has not received adequate treatment for those conditions.

In July 2015, DePaola filed his pro se complaint under Section 1983 against certain officials working at VDOC and Red Onion (collectively, the defendants).[1] DePaola alleges in the complaint that the defendants "have (and continue to) violate[]" his rights by acting with deliberate indifference to his physical health needs, as set forth in Count 1, and his mental health conditions, as detailed in Count 2.[2]

In particular, DePaola alleges in Count 2 that he notified several prison officials of his mental illnesses but has received no treatment. DePaola claims that he "has repeatedly attempted to obtain help from the [d]efendants E.R. Barksdale, F. Schilling, S. Fletcher, Dr. McDuffie, Huff & Trent verbally &/or written [sic], to no avail." Additionally, DePaola asserts that he has never received any mental health treatment

---

[1] The defendants are (1) VDOC officials, namely: Harold Clarke, VDOC Director; David Robinson, Chief of Operations of VDOC; G.K. Washington, Regional Director for the Western Region of VDOC; and Fred Schilling, Health Services Director at VDOC; (2) certain correctional officials at Red Onion, namely: E.R. Barksdale, Warden; and V. Phipps, the Rehabilitation Nursing Certification Board; and (3) certain doctors and nurses at Red Onion, namely: Dr. McDuffie, psychiatrist; Dr. Smith; Dr. Mullins; L. Stump (Licensed Practical Nurse (LPN)); L. Mullins (LPN); T. Cox (LPN); Qualified Mental Health Professional (QMHP) S. Fletcher; QMHP Huff; and QMHP Trent.

[2] In Count 1, DePaola also alleges that certain prison policies violated his Eighth Amendment rights, which contention we conclude is plainly without merit.

5

while at Red Onion, including being allowed to speak to an institutional psychiatrist or psychologist.

The defendants filed several separate motions to dismiss DePaola's complaint. The district court granted their motions, holding first that DePaola's claims accruing before July 19, 2013 were barred by Virginia's two-year statute of limitations for personal injury claims. *See* Va. Code § 8.01-243(A). The court also held that DePaola had failed to allege sufficiently that any defendant was deliberately indifferent to any serious medical need. DePaola appealed from the district court's judgment, and we appointed him counsel for purposes of this appeal.

II.

On appeal, DePaola contends that under the liberal pleading standard applicable to pro se plaintiffs, *King*, 825 F.3d at 214, he adequately has alleged that the defendants acted with deliberate indifference to his serious mental and physical health needs, in violation of the Eighth Amendment. DePaola asks us to apply the "continuing violation" doctrine to his claims, and asserts that doing so would prevent his claims from being barred by Virginia's statute of limitations.

In response, certain defendants maintain that the district court did not err in holding that some of DePaola's claims were time-barred. Also, the defendants broadly contend that DePaola did not allege serious mental or physical health needs to which any of the defendants were deliberately indifferent. We disagree with both arguments advanced by the defendants with respect to DePaola's mental health claims.

6

## A.

We review de novo a district court's decision granting a motion to dismiss. *King*, 825 F.3d at 214. To survive a motion to dismiss, each claim asserted in a complaint must set forth sufficient facts to state a claim that is facially plausible. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying this standard, however, we construe pro se pleadings liberally, *King*, 825 F.3d at 214, particularly if the pro se plaintiff raises civil rights issues, *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 722 (4th Cir. 2010).

Under the Eighth Amendment, prisoners have the right to receive adequate medical care while incarcerated. *See Scinto v. Stansberry*, 841 F.3d 219, 236 (4th Cir. 2016). When a prison official demonstrates "deliberate indifference" to an inmate's serious medical needs, a constitutional violation occurs under the Eighth Amendment. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 101–06 (1976). Courts treat an inmate's mental health claims just as seriously as any physical health claims. *Bowring v. Godwin*, 551 F.2d 44, 47 (4th Cir. 1977).

To state a claim under Section 1983 for deliberate indifference to serious medical needs, a prisoner must show that he had a serious medical need, and that officials knowingly disregarded that need and the substantial risk it posed. *King*, 825 F.3d at 218–20; *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–11 (4th Cir. 2017). A "serious medical need" is a condition "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Heyer*, 849 F.3d at 210 (citation omitted). An official acts with

7

deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks, but nevertheless disregarded them. *See Scinto*, 841 F.3d at 225–26.

B.

In cases brought under Section 1983, we apply the statute of limitations for personal injuries of the state in which the alleged violations occurred. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A plaintiff in Virginia generally must bring a personal injury action within two years of the date that the cause of action accrues. Va. Code § 8.01-243(A). Thus, we first address whether Virginia's two-year statute of limitations bars any of DePaola's mental health claims.

A Section 1983 claim of deliberate indifference ordinarily accrues when a plaintiff becomes aware or has reason to know of the harm inflicted. *TwoRivers*, 174 F.3d at 991. However, when a harm has occurred more than once in a continuing series of acts or omissions, a plaintiff under certain circumstances may allege a "continuing violation" for which the statute of limitations runs anew with each violation. *See Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1166–67 (4th Cir. 1991) (noting that continuing violation generally arises when the acts in question are a "continuing practice" (citation omitted)). The tort principle of "continuing violation," which also has been referred to as "continuing harm" or "continuing wrong," is not unique to Section 1983 jurisprudence, but is a general principle of federal common law. *See Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001); Martin A. Schwartz, *Section 1983 Litigation Claims and Defenses*

8

12.03 (4th ed. Supp. 1 2018); *Civil Actions Against the United States, Its Agencies, Officers and Employees* § 1:31 (2d ed. 2017).

We have not explicitly applied the "continuing violation" doctrine in the context of a Section 1983 claim of deliberate indifference to medical needs. However, certain other circuits have concluded that a prisoner may state a deliberate indifference claim for a continuing violation when prison officials have refused to provide medical attention for an ongoing serious condition. *See Shomo v. City of N.Y.*, 579 F.3d 176, 182 (2d Cir. 2009) (holding that plaintiff may allege continuing violation if at least one instance of deliberate indifference in a series occurred within limitations period); *Heard*, 253 F.3d at 318 ("Every day that [prison officials] prolonged [a prisoner's] agony by not treating his painful condition marked a fresh infliction of punishment that caused the statute of limitations to start running anew."); *Lavellee v. Listi*, 611 F.2d 1129, 1132 (5th Cir. 1980) (holding that failure to provide any medical attention was a "continuing tort"); *see also Siggers v. Campbell*, 652 F.3d 681, 693 (6th Cir. 2011) (suggesting that prisoner may state claim if he shows "one, continuing harm and government indifference"). We also note that no circuits have held to the contrary.

Consistent with these views expressed by our sister circuits, we conclude that a prisoner may allege a continuing violation under Section 1983 by identifying a series of acts or omissions that demonstrate deliberate indifference to a serious, ongoing medical need. The statute of limitations does not begin to run on such a claim for a continuing violation of a prisoner's Eighth Amendment rights until the date, if any, on which adequate treatment was provided. *See Lavellee*, 611 F.2d at 1132. A plaintiff's claim of

a continuing violation may extend back to the time at which the prison officials first learned of the serious medical need and unreasonably failed to act. *See Heard*, 253 F.3d at 318.

Accordingly, to assert a Section 1983 claim for deliberate indifference under the "continuing violation" doctrine, a plaintiff must (1) identify a series of acts or omissions that demonstrate deliberate indifference to his serious medical need(s); and (2) place one or more of these acts or omissions within the applicable statute of limitations for personal injury. *See Shomo*, 579 F.3d at 182. Thus, this principle does not apply to claims that are based on "discrete acts of unconstitutional conduct," or those that fail to identify acts or omissions within the statutory limitation period that are a component of the deliberate indifference claim. *Id.*

In the present case, DePaola has alleged a continuing violation of deliberate indifference to his serious mental illnesses. He alleges that he notified VDOC of his mental illnesses during the prison intake process and "repeatedly" sought "help" from officials and medical staff at Red Onion. He asserts that despite this notice to the defendants, and given the ongoing nature of his mental illnesses, the defendants have violated and "continue to" violate his rights by failing to provide any treatment or access to a psychiatrist or a psychologist.[3] *See Heard*, 253 F.3d at 318 (holding that "[e]very day" without treatment is a new violation).

---

[3] After filing his complaint, DePaola submitted a Verified Statement documenting that he had exhausted his administrative remedies. The Verified Statement attached a grievance record indicating that mental health personnel at Red Onion had monitored
(Continued)

Moreover, DePaola has alleged that the defendants' acts of deliberate indifference continued within the two years prior to the filing of his complaint. *See* Va. Code § 8.01-243(A). He alleges that he continues to experience extreme agitation, complete exhaustion, depression, hopelessness, and trance-like states, among other things. As noted, he also claims that he has sought help repeatedly from different defendants at Red Onion up to the date of his complaint and that they continued to deny him treatment. Accordingly, DePaola sufficiently has alleged that the defendants have acted with deliberate indifference within the relevant statutory period. Because DePaola has alleged a claim of deliberate indifference to his serious mental health needs that is ongoing, we hold that DePaola's mental health claims are not time-barred.

C.

We also conclude that DePaola's allegations of deliberate indifference to his serious mental illnesses are sufficient to state a claim against defendants Barksdale, Schilling, Fletcher, McDuffie, Huff, and Trent, because he has alleged serious needs about which those defendants knew and failed to provide necessary treatment. *King*, 825 F.3d at 218. He alleges that these defendants had notice of his severe depression, "hallucinations, acute anxiety, and feelings of hopelessness and helplessness" that

---

DePaola's mental health condition. We conclude that these documents do not invalidate DePaola's claim, because he did not submit them for the truth of their contents but as evidence that he had exhausted his administrative remedies. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 167 (4th Cir. 2016). Instead, any contradiction posed by the contents of the Verified Statement may be a proper subject for consideration when the district court addresses the merits of DePaola's complaint.

11

required medical attention because of the serious danger posed by these conditions. *See Belbachir v. Cty. of McHenry*, 726 F.3d 975, 982 (7th Cir. 2013).

DePaola alleges that he became suicidal on at least two occasions at Red Onion, and had experienced agitation, depression, feelings of hopelessness, and trance-like states. DePaola further alleges that certain "mental health officials" at Red Onion responded to his first suicide attempt, which occurred in May 2010, an event that plainly put prison officials on notice that DePaola required attention for ongoing serious mental health conditions that posed a substantial risk to him. *See Heyer*, 849 F.3d at 211. Moreover, DePaola claims that he thereafter sought help repeatedly from these six defendants.

Construing DePaola's complaint liberally, we hold that he sufficiently has alleged that defendants Barksdale, Schilling, Fletcher, McDuffie, Huff, and Trent[4] have been on notice regarding his serious mental health needs since at least May 2010, the date of his first suicide attempt, but allegedly have refused to provide him any mental health treatment since for his ongoing condition. Thus, we conclude that the district court erred in dismissing DePaola's mental health claims of deliberate indifference against those six defendants.

---

[4] Defendants Barksdale, Schilling, Fletcher, McDuffie, Huff, and Trent did not raise the defense of qualified immunity in their motions to dismiss in the district court and, therefore, have waived that argument on appeal. *Sales v. Grant*, 224 F.3d 293, 296 (4th Cir. 2000) (noting that qualified immunity cannot be asserted for the first time on appeal).

With regard to the other defendants, however, we conclude that DePaola has not sufficiently alleged a claim of deliberate indifference to his mental health conditions. DePaola does not allege in his complaint that any of the other defendants had actual knowledge of his mental health conditions, leaving his claim against them insufficient as a matter of law. *See King*, 825 F.3d at 219. And, finally, we conclude that DePaola has failed to allege serious physical health needs to which any of the defendants were deliberately indifferent. *See Heyer*, 849 F.3d at 210.

## III.

For these reasons, we reverse the district court's dismissal of DePaola's claims of deliberate indifference to his serious mental health needs regarding defendants Barksdale, Schilling, Fletcher, McDuffie, Huff, and Trent. We affirm the remainder of the district court's judgment. We remand the case for further proceedings consistent with this opinion.

*AFFIRMED IN PART*
*REVERSED IN PART*
*AND REMANDED*

13