**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6615**

DENIS RIVERA,

        Plaintiff – Appellant,

v.

RANDALL C. MATHENA; EARL BARKSDALE; AMEE B. DUNCAN, Unit Manager; HAROLD W. CLARKE; MARCUS ELAM; CURTIS L. PARR; STACEY DAY; JOHN MESSER; CHRISTOPHER GILBERT; DWAYNE TURNER; C/O STEPHENS; WILLIAMS, Was a C/O at Red Onion; DOCKERY, Was a C/O at Red Onion; JAMES MULLINS; CHRISTOPHER DEEL; CLINTON DEEL; C/O RAMEY,

        Defendants – Appellees,

and

H. BREWER; DAY, Was a C/O at Red Onion,

        Defendants.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James P. Jones, District Judge. (7:16-cv-00346-JPJ-RSB)

Argued: September 18, 2019               Decided: November 19, 2019

Before KING and KEENAN, Circuit Judges, and Joseph R. GOODWIN, United States District Judge for the Southern District of West Virginia, sitting by designation.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ARGUED:** Cynthia Anne Barmore, JONES DAY, Washington, D.C., for Appellant. Brittany Marie Jones, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees. **ON BRIEF:** Karl R. Thompson, JONES DAY, Washington, D.C., for Appellant. Mark R. Herring, Attorney General, Victoria N. Pearson, Deputy Attorney General, Richard Carson Vorhis, Senior Assistant Attorney General, Toby J. Heytens, Solicitor General, Matthew R. McGuire, Principal Deputy Solicitor General, Michelle S. Kallen, Deputy Solicitor General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The issues before the court are whether the district court erred in granting the defendants—seventeen employees of the Virginia Department of Corrections—summary judgment on plaintiff Denis A. Rivera's Eighth Amendment conditions of confinement claim, Eighth Amendment denial of medical care claim, and Fourteenth Amendment procedural due process claim. For the reasons that follow, we vacate the district court's award of summary judgment on the conditions of confinement claim, affirm the award of summary judgment on the denial of medical care claim, decline to reach the procedural due process claim, and remand for further proceedings.

## BACKGROUND

Rivera is an inmate at Red Onion State Prison ("Red Onion"), located in Wise County, Virginia, where he is currently serving a state sentence of thirty-six years.[1] From April 2014 to August 2018, Rivera was confined in segregation (also known as solitary confinement). A Red Onion prisoner in segregation is housed alone and typically confined to his cell for twenty-four hours each day unless participating in one of the few out-of-cell activities offered, primarily showering or outdoor recreation. A Red Onion prisoner in segregation "should be permitted" three showers and five out-of-cell exercise sessions per week according to Virginia Department of Corrections Operating Procedure 861.3 (OP

---

[1] In reviewing a summary judgment award, we view "the facts and inferences reasonably drawn therefrom in the light most favorable to the nonmoving party." *See Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (internal quotation marks omitted). We thus recite the facts in the light most favorable to Rivera.

861.3). A Red Onion prisoner is not sentenced to solitary confinement by a judge or jury but rather is placed in segregation by prison staff for disciplinary infractions.

In order to shower and recreate, an inmate must verbally respond when prison staff announce they are taking a list, usually between 5:50 am and 7:15 am. If the inmate does not verbally respond, the inmate is deemed to have refused the activity, regardless of whether the inmate was asleep, responded nonverbally, left signs on the door requesting showers and recreation, or asked prison staff at a later time to shower and exercise, including when staff come back to take other inmates to shower and exercise. Inmates in segregation are not allowed to have alarm clocks, nor will prison staff wake an inmate.[2]

On July 17, 2016, Rivera filed a verified, pro se complaint pursuant to 42 U.S.C. § 1983, alleging that he had been—and continued to be—deprived of showers and recreation periods while in segregation. According to the complaint, during the months of June–August of 2014 and March–May of 2016, Rivera went about eight weeks without a shower and approximately two months without recreation.[3] Most weeks during those periods, Rivera received one or two showers and received the minimum three showers per week for just five of the thirty weeks at issue. J.A. 27–28.[4] Rivera also typically received zero, one,

---

[2] An official memo suggests prison staff blow a whistle to announce the shower and recreation list is being taken, but—according to Rivera—this practice is not followed.

[3] Defendant Earl Barksdale, the Warden of Red Onion, disputed in the district court that Rivera was denied showers and recreation on certain dates specified by Rivera. On appeal, however, Barksdale properly recognizes that we are obliged to credit Rivera's evidence in assessing the district court's summary judgment rulings. *See Gordon*, 937 F.3d at 356.

[4] Citations herein to "J.A." refer to the contents of the Joint Appendix filed by the parties in this appeal.

or two opportunities each week to exercise and never received the minimum five exercise periods required by official policy during the disputed weeks in 2014 and 2016. *Id.* Rivera was denied showers and recreation because he was often asleep and thus deemed to have refused the opportunities.

In his § 1983 complaint, Rivera alleges the denial of showers and recreation contravened his Eighth and Fourteenth Amendment rights. He also alleges those denials caused him emotional and mental deterioration, depression, lack of sleep, headaches, loss of appetite, and the worsening of a rash caused by a fungal infection. The complaint seeks injunctive relief and monetary damages.

As reflected in Rivera's submissions to the district court in support of the complaint, he filed numerous grievances challenging his denial of showers and recreation and complaining of the resulting mental and physical harm. He also told prison staff in person that he wanted to shower and exercise and was suffering injuries as a result. Rivera left notes on his cell door saying "I want Rec" and "I want Shower." J.A. 139–41. Additionally, Rivera showed prison staff a doctor's note and a prescription for selenium sulfide for his fungal infection, explaining he had to wash off the medicine in the showers three times each week.

In January 2017, the defendants moved for summary judgment on Rivera's claims. Rivera responded to the defendants' motions in May 2017. By its opinion and order of August 14, 2017, the district court awarded summary judgment to the defendants on all claims and denied Rivera's request for injunctive relief. Rivera appeals the district court's award of summary judgment on the (1) Eighth Amendment conditions of confinement

5

claim related to the denial of showers and recreation, (2) the Eighth Amendment denial of medical care claim related to Rivera's rash, and (3) the Fourteenth Amendment procedural due process claim related to the denial of showers and recreation.

Rivera timely filed a notice of appeal, and we assigned counsel to represent him in this court. We possess jurisdiction pursuant to 28 U.S.C. § 1291.[5]

## STANDARD OF REVIEW

"Summary judgment is proper when there are no material disputes of fact and the moving party is entitled to judgment as a matter of law." *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019); Fed. R. Civ. P. 56(a). This court "review[s] the district court's grant of summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party." *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 407 (4th Cir. 2015) (internal quotation marks omitted). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

## DISCUSSION

On appeal, Rivera argues the district court erred in awarding summary judgment to the defendants on the Eighth Amendment conditions of confinement claim, the Eighth

---

[5] Although the district court dismissed without prejudice Rivera's claims against two additional defendants, we nevertheless possess jurisdiction under 28 U.S.C. § 1291. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015) (explaining that dismissal without prejudice constitutes final decision under § 1291 when no amendment to complaint could cure defects identified by district court).

Amendment denial of medical care claim, and the Fourteenth Amendment procedural due process claim. We address each in turn.

**A.**

The preliminary question before the court is whether Red Onion provided Rivera a meaningful opportunity to shower and exercise.

Depriving inmates the opportunity to shower and exercise can violate the Eighth Amendment's protection against cruel and unusual punishment. *See Mitchell v. Rice*, 954 F.2d 187, 193 (4th Cir. 1992) (explaining that "depriving inmates of all meaningful opportunities to exercise generally violates the Eighth Amendment" where prison officials claimed the inmate's assaultive nature necessitated the imposed restriction); *Hite v. Leeke*, 564 F.2d 670, 672 (4th Cir. 1977) (emphasizing that "the deprivation of the basic elements of hygiene" violates the Eighth Amendment).

Furthermore, as the United States Supreme Court has long held, "courts indulge every reasonable presumption against waiver of fundamental constitutional rights" and "do not presume acquiescence in the loss of fundamental rights." *United States v. Camacho*, 955 F.2d 950, 954–55 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). A waiver of such rights is ordinarily "an intentional relinquishment or abandonment of a known right or privilege." *Johnson*, 304 U.S. at 464.

Rivera argues on appeal that he was denied a meaningful opportunity to shower and exercise because he was asleep when corrections officers took the shower and exercise list and was deemed to have "refused" the opportunities. However, Rivera was an inmate in segregation, often alone in his cell for twenty-four hours a day without an alarm clock.

7

Prison staff refused to wake Rivera, despite an official memo suggesting that blowing a whistle was appropriate. Staff also refused to accept shower and recreation requests made by leaving a note or telling staff in person at a later time. The district court held it was "Rivera's choice" not to shower and exercise because he did not follow prison procedures. *See* J.A. 171. Rivera argues the prison procedures presented him no real choice or opportunity to shower or exercise.

We agree with Rivera. The Eighth Amendment protects inmates from the "cruel and unusual punishment" of depriving solitary confined inmates of showers and recreation. For Rivera to waive this right, he would need to show an "intentional relinquishment" of Eighth Amendment protections because we "do not presume acquiescence in the loss of fundamental rights." *See Johnson*, 304 U.S. at 464. Intention requires Rivera to have "full advertence in the mind…to his conduct…and to its consequences, together with a desire for those consequences." *Black's Law Dictionary* (11th ed. 2019) (Westlaw) (defining intention). Rivera cannot have "full advertence in the mind" while asleep. Therefore, he did not have the conscious state of mind to form the intention to waive Eighth Amendment protections against cruel and unusual punishments. And given that we "indulge every reasonable presumption against waiver of fundamental constitutional rights," we are satisfied that Rivera did not intentionally refuse his showers and exercises while sleeping. *See Camacho*, 955 F.2d at 955 (quoting *Johnson*, 304 U.S. at 464).

We do not suggest that prison officials must use a specific procedure to ensure that inmates are provided an opportunity to shower and exercise, as it is not the job of the court to supervise prison administration. But it is the job of the court to ensure that prisoners'

8

constitutional rights are observed. Despite the myriad of ways prison staff could have ensured that inmates who wanted to shower and exercise were provided a meaningful opportunity to do so, prison staff here provided only an illusory procedure that is insufficient under the Eighth Amendment to provide Rivera a meaningful opportunity to shower and exercise.

**B.**

Given that Rivera was not provided a meaningful opportunity to shower and exercise, the next issue is whether the shower and recreation deprivations here are sufficiently severe to establish a conditions of confinement claim in violation of the Eighth Amendment's protection against cruel and unusual punishment.

"The Eighth Amendment, which prohibits the infliction of 'cruel and unusual punishments,' U.S. Const. amend. VIII, applies to claims by prisoners against corrections officials challenging conditions of confinement." *Porter*, 923 F.3d at 355. "In the prison context, it 'protects inmates from inhumane treatment and conditions while imprisoned.'" *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). Further, "the conditions of solitary or segregated confinement must be measured against what the Supreme Court has termed 'the evolving standards of decency that mark the progress of a maturing society.'" *Sweet v. S.C. Dep't of Corr.*, 529 F.2d 854, 860 (4th Cir. 1975) (en banc) (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion)). To sustain an Eighth Amendment claim, a prisoner must show two things: 1) "the deprivation suffered or injury inflicted on the inmate was sufficiently serious

(objective component)," and 2) "the prison official acted with a sufficiently culpable state of mind (subjective component)." *Iko*, 535 F.3d at 238.

    1) Objective Prong

Under the objective prong, Rivera must demonstrate that "the deprivation alleged [was], objectively, sufficiently serious." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "To be 'sufficiently serious,' the deprivation must be 'extreme'—meaning that it poses a 'serious or significant physical or emotional injury resulting from the challenged conditions,' or 'a substantial risk of serious harm resulting from...exposure to the challenged conditions.'" *Porter*, 923 F.3d at 355 (quoting *Scinto*, 841 F.3d at 225).

As long ago as 1975, we vacated a lower court's dismissal of an inmate's Eighth Amendment claim based on a limitation to two exercise periods and two showers each week while in solitary confinement over a period of years. *Sweet*, 529 F.2d at 866. In our en banc *Sweet* decision, we emphasized that "[s]uch indefinite limitation on exercise may be harmful to a prisoner's health, and, if so, would amount to 'cruel and unusual' punishment." *Id.* We also explained that a limitation to two showers per week should be considered "under the same standards of review" as limitations on recreation. *Id.*

Looking at the "totality of the circumstances," including the duration of harm, is important in determining an Eighth Amendment violation. *See Mitchell*, 954 F.2d at 191. A restriction to two showers or exercise periods per week might not violate "the Eighth Amendment if confined to a relatively short period of maximum confinement," but if extended over a period of years and perhaps indefinitely, "the rule may be quite different."

10

*See Sweet*, 529 F.2d at 866; *see also Mitchell*, 954 F.2d at 191 (explaining that a "complete deprivation of exercise for an extended period of time violates Eighth Amendment prohibitions against cruel and unusual punishment"). For example, three days without showers might not violate the Eighth Amendment, *see Shakka v. Smith*, 71 F.3d 162, 167–68 (4th Cir. 1995), whereas two months without showers and recreation can be sufficient to support an Eighth Amendment claim. *See Brown v. Lamanna*, 304 F. App'x 206, 208 (4th Cir. 2008) (unpublished).

Here, the evidence shows that Rivera received far fewer than the five hours of recreation and three showers each week he "should be permitted" while in segregation. *See* OP 861.3. At one point, Rivera did not shower for almost eight weeks and did not exercise for about two months. He frequently received one or two showers per week and zero, one, or two exercise opportunities per week. The combination and duration of the shower and exercise deprivations were sufficiently lengthy and severe over the course of Rivera's four years in segregation to provoke the same constitutional concerns as in *Sweet*, where the inmate showered and exercised twice per week while in segregation for five years. *See* 529 F.2d at 866. Rivera's shower deprivation was certainly longer than the three-day deprivation in *Shakka*, and more analogous to the two-month deprivation of showers and recreation in *Lamanna*. *See Shakka*, 71 F.3d at 167–68; *Lamanna*, 304 F. App'x at 208.

Rivera suffered injuries and faced a substantial risk of serious harm as a result of long periods without showers and recreation. Rivera has produced evidence that he suffered emotional and mental deterioration, depression, low energy, difficulty sleeping, headaches, and loss of appetite. J.A. 22–23, 153. These injuries are similar to what we have previously

11

determined to be sufficient to support an Eighth Amendment claim. *See Putney v. Likin*, 656 F. App'x 632, 635 (4th Cir. 2016) (unpublished) (remanding where an inmate alleged lack of sleep, confusion, headaches, and backaches to be considered along with the inmate's substantial risks of harm). Additionally, Rivera suffered the reappearance of a fungal infection because of his inability to apply his medication and wash it off in the shower.

Finally, we know that "[p]rolonged solitary confinement exacts a heavy psychological toll that often continues to plague an inmate's mind even after he is resocialized." *Porter*, 923 F.3d at 357 (quoting *Incumaa v. Stirling*, 791 F.3d 517, 534 (4th Cir. 2015)). Indeed, Rivera began exhibiting the very psychological deterioration which we have warned against when inmates are in solitary confinement, including depression, low energy, difficulty sleeping, and loss of appetite, making it even more important that Rivera be able to leave his cell for showers and recreation. *See id.* at 356–57 (discussing "the associated adverse psychological reactions to solitary confinement…include…symptoms of depression, withdrawal, appetite and sleep disturbance, fatigue and lethargy, and suicidal ideation; anxiety spectrum symptoms of subjective distress, feelings of impending doom, somatic complaints, dissociative experience, and ruminative thoughts; affective lability characterized by irritability, rage, and aggressive impulses; and behavioral self-control symptoms of aggression, assaults, and self-mutilation"); *see also* J.A. 115 ("[W]hat [Rivera] remembers is being in a cell all day all that time 24/7 loneliness, depression, pain, like [Rivera] was no human being at all."). Rivera thus depended on regular showers and exercise periods as one of the few times to

12

leave his cell in order to maintain his physical, mental, and emotional health. Therefore, as a result of his four years in segregation, Rivera faced a substantial risk of serious psychological harm which was increased by shower and exercise deprivations, as his injuries demonstrate. *See Sweet*, 529 F.2d at 866 ("Such indefinite limitation on exercise may be harmful to a prisoner's health, and, if so, would amount to 'cruel and unusual' punishment.").

For those reasons, we are satisfied that Rivera has presented sufficient evidence to establish genuine issues of material fact as to the objective prong of his conditions of confinement claim.

## 2) Subjective Prong

The second prong of an Eighth Amendment violation is the subjective prong. To demonstrate the subjective component, Rivera must show deliberate indifference, meaning "the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Porter*, 923 F.3d at 361 (quoting *Scinto*, 841 F.3d at 225). "Deliberate indifference is 'more than mere negligence,' but 'less than acts or omissions [done] for the very purpose of causing harm or with knowledge that harm will result.'" *Id.* A plaintiff may satisfy this standard by "prov[ing] by circumstantial evidence that a risk was so obvious that it had to have been known." *Makdessi v. Fields*, 789 F.3d 126, 136 (4th Cir. 2015). "[O]nce prison officials become aware of a problem with prison conditions, they cannot simply ignore the problem, but should take corrective action when warranted." *Williams v. Griffin*, 952 F.2d 820, 826 (4th Cir. 1991).

In this case, Rivera filed numerous grievances challenging the denial of his showers and exercise sessions, alerting staff to Rivera's issues. Prison staff responded to these complaints, showing they knew Rivera was being denied showers and recreation against his will. Further, Rivera told prison staff in person how shower and exercise deprivations were adversely affecting his health. Rivera also left notes on his door that he wanted showers and recreation. Additionally, Rivera shared with certain defendants a doctor's note stating that he was required to wash off his fungal medication on the days showers were offered. Moreover, prison staff would have seen the log sheets posted on Rivera's cell door that he had missed extensive shower and exercise opportunities. Thus, even if certain defendants were not advised by Rivera that he was suffering mental and physical harm as a result of the denial of regular recreation and showers, the risks posed would have been obvious to them. *See Scinto*, 841 F.3d at 226. Finally, OP 861.3 also makes clear the significance of providing routine recreation and shower opportunities to prisoners in segregation.

Rivera thus presented enough evidence to create a genuine issue of fact as to whether prison staff had notice of both Rivera's shower and exercise deprivations and their impact on Rivera's physical and mental health. And once they were aware of Rivera's shower and exercise deprivations and the accompanying risks, they could not ignore the problem and should have taken corrective action. *See Williams*, 952 F.2d at 825. Thus, we are satisfied that genuine disputes of material fact exist as to the subjective prong of Rivera's Eighth Amendment conditions of confinement claim and that the district court erred in granting summary judgment to the defendants on that claim.

14

## C.

Rivera next argues the district court erred in granting summary judgment to the defendants on his Eighth Amendment denial of medical care claim. To establish a denial of adequate medical care claim under the Eighth Amendment, an inmate must show he has "a serious medical need," which has been "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018). An inmate must next show that officials "knowingly disregarded that need and the substantial risk it posed." *Id.*

Although a rash, in some circumstances, might satisfy the objective prong, here, Rivera's skin rash is not sufficiently serious to support an Eighth Amendment denial of medical care claim. Though Rivera was prescribed a prescription for the skin rash, selenium sulfide, this does not convert the skin condition into a sufficiently serious medical need. *See id.* at 485, 489 (holding the spread of a rash on an inmate's genitals did not rise to the level of a serious medical need for Eighth Amendment purposes). We are thus satisfied that the district court properly awarded summary judgment to the defendants on Rivera's Eighth Amendment denial of medical care claim.[6]

---

[6] Because Rivera can obtain the entirety of the relief that he seeks under his Eighth Amendment conditions of confinement claim, we decline to reach Rivera's procedural due process claim. We also decline to address, in the first instance, whether defendants are entitled to qualified immunity. *See Jennings v. Univ. of N.C.*, 482 F.3d 686, 702 (4th Cir. 2007) (en banc) (declining to rule on qualified immunity and concluding that district court should first resolve issue). Lastly, we decline to address Rivera's request for injunctive relief because that is better left to the district court in light of our recent decision in *Porter*

## CONCLUSION

For the foregoing reasons, we vacate the district court's summary judgment award to the defendants on the Eighth Amendment conditions of confinement claim, affirm the summary judgment award to the defendants on the Eighth Amendment denial of medical care claim, and remand for further proceedings.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*

---

*v. Clarke*, 923 F.3d 348 (4th Cir. 2019) and Rivera's subsequent return to the general prison population.