**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-7855

JASON R. JORDAN,

Plaintiff - Appellant,

v.

T. LARGE, Correctional Officer-Sergeant at Red Onion State Prison,

Defendant - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Pamela Meade Sargent, Magistrate Judge.  (7:16-cv-00468-PMS)

Argued:  January 25, 2022                    Decided:  March 4, 2022

Before HARRIS, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Reversed, vacated, and remanded with instructions by published opinion.  Judge Quattlebaum wrote the opinion, in which Judge Harris and Judge Richardson joined.

**ARGUED:**  Elaine Duross McCafferty, WOODS ROGERS PLC, Roanoke, Virginia, for Appellant.  Lucas W.E. Croslow, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.  **ON BRIEF:**  Charles J. Dickenson, Leah S. Stiegler, WOODS ROGERS PLC, Roanoke, Virginia, for Appellant.  Mark R. Herring, Attorney General, Victoria N. Pearson, Deputy Attorney General, Richard C. Vorhis, Senior Assistant Attorney General, Toby J. Heytens, Solicitor General, Martine E. Cicconi, Deputy Solicitor General, Michelle S. Kallen, Deputy Solicitor General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

QUATTLEBAUM, Circuit Judge:

In civil cases, a district court has discretion to vacate a verdict based on irreconcilably inconsistent jury findings. But what about a hung jury? Does the failure to reach a verdict on one claim constitute a finding by the jury that can be compared to other findings for consistency? In short, no. A hung jury on one claim is a non-finding that cannot be used to conduct a consistency analysis with another finding by the jury.

I.

Jason R. Jordan, a prisoner in Red Onion State Prison, brought claims for excessive force and retaliation under 42 U.S.C. § 1983 against T. Large, an officer in that prison.[1] Eventually, a trial followed. In general terms, Jordan testified that, during a search of Jordan's cell for contraband, Large broke Jordan's radio and headphones. According to Jordan, Large told him that "I was instructed . . . to break your radio because you filed a grievance and lawsuits." J.A. 105. Jordan also testified that Large kicked him in the testicles while Large transported Jordan to a different cell after the search, causing Jordan significant pain and injury. For his part, Large denied that he broke Jordan's property, that he even knew about Jordan's complaints or that he kicked Jordan at all.

The jury deadlocked on Jordan's excessive force claim but found for Jordan on his retaliation claim. The jury awarded Jordan $25,000 in compensatory damages. Following the jury verdict, both parties filed post-trial motions. Jordan moved for attorney's fees.

---

[1] The parties consented to jurisdiction by a magistrate judge, and the district court assigned the case to Magistrate Judge Pamela Meade Sargent.

2

Large moved to set aside the verdict and for a new trial under Federal Rule of Civil Procedure 59, claiming that the finding against him on the retaliation claim was irreconcilably inconsistent with the jury's deadlock on the excessive force claim. In response to Large's motion, Jordan moved for conditional voluntary dismissal of his excessive force claim. In that motion, Jordan argued that, assuming the jury verdict on retaliation stands, he did not seek another trial on excessive force and instead requested a final judgment upholding his retaliation claim.

The district court agreed with Large and, as a result, set aside the jury verdict. Relatedly, the court denied Jordan's motion for attorney's fees and motion for partial voluntary dismissal. In reaching this decision, the district court relied on its jury instructions. The court instructed the jury on the requisite elements for excessive force:

> First, that the defendant acted under color of state law; second, that while acting under color of state law, the defendant used force against the plaintiff, maliciously and sadistically, for the very purpose of causing the plaintiff harm; and third, that the nature of the force applied was more than trivial.

*Id.* at 522. And it instructed that the requisite elements for retaliation were:

> First, that the plaintiff was engaged in protected conduct; second, that while acting under color of state law, the defendant took an adverse action against the plaintiff that was capable of deterring a person of ordinary firmness from continuing to engage in that conduct; and third, that adverse action was motivated by the plaintiff's protected conduct.

*Id.* As for the second element of the retaliation claim, the court instructed the jury: "plaintiff claims that defendant broke his headphones and radio and kicked him in the testicles for filing the grievance and/or lawsuit, in an attempt to punish plaintiff for filing a grievance or lawsuit, or to chill or silence plaintiff from filing future grievances or lawsuits." *Id.*

3

Given these jury instructions, the district court concluded that "the jury's verdict on Jordan's retaliation claim is irreconcilably inconsistent with its failure to reach a verdict on his excessive force claim." *Id.* at 526. The court reasoned, by finding for Jordan on the retaliation claim, the jury must have found that Large kicked Jordan in the testicles which caused physical injury because, absent physical injury, Jordan could only recover nominal damages. *Cf.* 42 U.S.C. § 1997e(e) (requiring "a prior showing of physical injury" before allowing a prisoner to recover for "mental or emotional injury suffered while in custody"). And since the jury awarded $25,000 in compensatory damages, according to the district court, the jury necessarily found that Large applied more than a trivial use of force against Jordan. But the court determined that kicking Jordan in the groin in a manner involving more than trivial force would necessarily qualify as excessive force, necessitating a verdict for Jordan on that count.[2] So the court concluded the jury's deadlock on the excessive force count could not be squared with its verdict on the retaliation count. Thus, it set aside the jury's verdict on the retaliation claim and ordered a new trial.

A second trial followed. This time, the jury reached a verdict for Large on both counts. The district court thus ordered a final judgment for Large, and Jordan timely filed his appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and we review the district court's decision to grant a new trial for abuse of discretion. *See U.S. ex rel.*

---

[2] Under settled Fourth Circuit precedent, satisfying the elements of Jordan's retaliation claim would satisfy the second element of Jordan's excessive force claim. *See, e.g.*, *Dean v. Jones*, 984 F.3d 295, 302 (4th Cir. 2021). But the jury instructions did not reflect that law, and neither party objected to the jury instructions.

4

*Drakeford v. Tuomey*, 792 F.3d 364, 375 (4th Cir. 2015). "By definition, a district court abuses its discretion when it makes an error of law." *Id.* (quoting *RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 356 (4th Cir. 2007)).

II.

To resolve Jordan's appeal, we need not determine whether it would be possible to harmonize contrary jury findings on Jordan's retaliation and excessive force claims.[3] *See Jones v. Southpeak Interactive Corp. of Del.*, 777 F.3d 658, 674–75 (4th Cir. 2015) (noting that it is within the district court's discretion to set aside a jury verdict and order a new trial when "it is not possible to reconcile the [jury's] findings"). Instead, we conclude that the district court erred on a threshold issue—whether a hung jury is even a finding that a court can use to conduct an inconsistent verdict analysis.[4]

A trial court cannot reach negative inferences from a jury's failure to reach a verdict. "A jury's 'failure to reach a verdict cannot—by negative implication—yield a piece of

---

[3] We also need not decide when irreconcilable general verdicts permit granting a new trial since the parties do not raise this issue.

[4] While the district court record is sparse as to whether Jordan explicitly argued that a hung jury is a non-finding for purposes of an inconsistent verdict analysis, we do not consider the issue to be waived. The core of Jordan's argument below was that the jury's verdict was not irreconcilably inconsistent. The non-finding argument supports that position. *Cf. United States v. Robinson*, 744 F.3d 293, 300 n.6 (4th Cir. 2014) (noting that "parties are not limited to the precise arguments they made below" (quoting *Yee v. City of Escondido*, 503 U.S. 519, 534 (1992))). And even if Jordan failed to preserve this argument, Large never argued at the appellate level that Jordan waived it. So, the waiver itself has been waived. As a result, we can look at the non-finding argument. *See United States v. Palamino-Coronado*, 805 F.3d 127, 130 n.3 (4th Cir. 2015).

information that helps put together the trial puzzle. . . . [T]here is no way to decipher what a hung jury represents.'" *United States v. Hornsby*, 666 F.3d 296, 306 n.4 (4th Cir. 2012) (quoting *Yeager v. United States*, 557 U.S. 110, 121 (2009)); *accord Rivera v. La Porte*, 896 F.2d 691, 693 (2d Cir. 1990) ("A jury's inability to reach a verdict cannot be taken as a finding against a plaintiff."). "[T]he fact that a jury hangs is evidence of nothing—other than, of course, that it has failed to decide anything." *Yeager*, 557 U.S. at 126.

That approach makes sense. There is no way to know why a jury deadlocked. Maybe a juror with strong opinions about what criminals deserve in prison refused to compromise. Maybe a juror who had experienced significant pain in his or her life thought kicking someone in the testicles does not constitute "excessive" force. Or maybe after finding Large liable for retaliation and awarding damages, some members of the jury grew weary over the continued debate on excessive force and just wanted a hamburger or a beer.[5] The point is, we do not know what any juror was thinking, much less the jury as a whole. We should not guess what happened inside the closed quarters of the jury room.

Yet that is exactly what the district court did. The jury was given a general verdict form, found Large liable on one count and awarded Jordan $25,000 in damages. But the district court invalidated that verdict based on a jury deadlock for a different count, reasoning that the deadlock on excessive force was irreconcilable with a verdict on

---

[5] Such would indeed be a stark contrast to the times when hung juries could be "kept without meat, drink, fire, or candle . . . till they are all unanimously agreed," and, if judges were about to leave town, they were not bound to wait for the hung jury, but could "carry them round the circuit from town to town in a cart." *See* 3 William Blackstone, *Commentaries on the Laws of England* 375–76 (1768).

6

retaliation. The nature of a hung jury prohibits such reasoning. The motion for new trial should have been denied. And by extension, the second trial should have never happened.

### III.

For all these reasons, we reverse the district court's order granting a new trial. As a result, we reinstate the jury verdict which found Large liable for $25,000 based on Jordan's retaliation claim and vacate the district court's final judgment based on the second trial.

Relatedly, we vacate the district court's order denying Jordan's motion for attorney's fees and vacate the district court's order denying Jordan's motion for partial voluntary dismissal because its decision on those matters was "[b]ased on the court's ruling on the Motion For New Trial," J.A. 530, which we hereby reverse. We remand the case to the district court for proceedings consistent with this opinion.

*REVERSED, VACATED AND REMANDED WITH INSTRUCTIONS*