**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 20-7539

PATRICK RYAN MCGRAW,

        Plaintiff – Appellant,

    v.

THERESA C. GORE; NANCY J. WARGAS,

        Defendants – Appellees,

    and

KIMBERLY C. WYNN; JOHN DOES,

        Defendants.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:19-ct-03116-M)

Argued:  January 25, 2022                      Decided:  April 19, 2022

Before HARRIS, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Vacated and remanded by published opinion.  Judge Harris wrote the opinion, in which Judge Richardson and Judge Quattlebaum joined.

**ARGUED:**  David William McDonald, HICKS, MCDONALD & NOECKER, LLP, Greensboro, North Carolina, for Appellant.  Alex Ryan Williams, NORTH CAROLINA

DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.  **ON BRIEF:** Joshua H. Stein, Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

———————

PAMELA HARRIS, Circuit Judge:

Patrick Ryan McGraw filed this 42 U.S.C. § 1983 action alleging that he was provided inadequate medical care during a health crisis he experienced while incarcerated in a North Carolina prison. The district court dismissed his lawsuit on timeliness grounds after finding that McGraw's amended complaint, filed after the expiration of the statute of limitations, did not relate back under Rule 15(c) of the Federal Rules of Civil Procedure to his initial and timely complaint. Because the district court erred in its application of Rule 15(c), we vacate its judgment and remand for further proceedings.

## I.

McGraw was an inmate at North Carolina's Tabor Correctional Institution when he became ill, suffering a "high fever, profuse sweating," and "a harsh cough which caused painful burning to [his] lungs." J.A. 24. He struggled to obtain medical attention while his condition deteriorated: After a first sick call request, he was "ignored" because his fever had broken; he submitted two more sick call requests and then two emergency sick call requests; and he finally was given "cough drops and Tylenol." *Id.* McGraw lost 40 pounds and continued to experience fevers, chest pain, and a bad cough.

Eventually McGraw was sent to a series of hospitals, where doctors told him a flesh-eating organism was damaging his internal organs. He underwent multiple major surgeries including a craniotomy and faced complications from those surgeries, including significant blood loss from a nicked artery and temporary loss of speech. At one point McGraw's

3

mother was informed that he had a five to 15 percent chance of survival. His doctors told him that prompt and effective medical care could have mitigated the severity of the episode.

The parties agree that McGraw's claim accrued on April 28, 2016, the date that McGraw was hospitalized and the alleged delay in providing medical treatment ended. *See DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) (holding that a § 1983 claim accrues "when a plaintiff becomes aware or has reason to know of the harm inflicted"). On April 25, 2019, while still incarcerated, McGraw, proceeding *pro se* and *in forma pauperis*, filed his original complaint in the Eastern District of North Carolina. This filing was just within the three-year limitations period on his § 1983 claim, which expired on April 28, 2019.[1] The only named defendant was the "North Carolina Department of Corrections,"[2] though McGraw also wrote "to be determined" in spaces for additional defendants.

On April 30, 2019, the district court notified McGraw that he had failed to sign his complaint, as required by Rule 11(a) of the Federal Rules of Civil Procedure, and instructed him to correct the deficiency and file a new complaint within 21 days. Within the prescribed time, on May 15, 2019, McGraw filed a signed version of his complaint.

---

[1] The statute of limitations for § 1983 actions is the limitations period for personal-injury torts in the state in which the action arose. *DePaola*, 884 F.3d at 486 (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). It is undisputed that North Carolina's three-year statute of limitations for personal injury actions governs McGraw's claim. *See* N.C. Gen. Stat. § 1-52(5).

[2] The correct name of the agency, as the district court later clarified, is the North Carolina Department of Public Safety.

On September 13, 2019, the district court reviewed the complaint for frivolity, as required by 28 U.S.C. § 1915, which sets out procedures for proceedings *in forma pauperis*. After screening the complaint, the district court notified McGraw of certain deficiencies. First, the sole named defendant in the action, the North Carolina Department of Public Safety, was a state agency immune to suit under the Eleventh Amendment. Second, the complaint failed to meet the requirements of notice pleading because it did not identify the specific individuals responsible for his injury. The district court directed McGraw to file a particularized complaint naming individual defendants within 21 days.

McGraw was granted a short extension, and timely filed his amended complaint on October 24, 2019. This complaint, though within the deadline provided by the district court, was outside the original three-year statute of limitations on McGraw's underlying cause of action. McGraw named as defendants two nurses at the facility where he had been incarcerated: Theresa C. Gore and Nancy J. Wargas.[3]

On November 5, 2019, the district court conducted a frivolity review of the amended complaint. Finding that McGraw's claims against Gore and Wargas were "not clearly frivolous," J.A. 55, the court allowed the lawsuit to proceed and authorized service of process. That authorization triggered the service period of Rule 4(m) of the Federal Rules of Civil Procedure, under which service must be completed within 90 days. *See Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010). Because McGraw was proceeding *in forma*

---

[3] McGraw named other defendants in the amended complaint, but they subsequently were dismissed from the action and are not at issue in this appeal.

5

*pauperis*, the court directed the United States Marshals Service to serve process on the two defendants. *See* 28 U.S.C. § 1915(d) (providing that officers of the court "shall issue and serve all process" in cases where a plaintiff is *in forma pauperis*).

Wargas was successfully served by the Marshals Service within Rule 4(m)'s 90-day period. Gore, however, was not served; the mailing the Marshals Service sent to her apparent address was returned as "refused unable to forward." J.A. 77. The court notified McGraw of the failure to effect service and advised him that his action against Gore would be dismissed without prejudice unless he could show good cause for the failure. McGraw was given 14 days to respond and filed a response in six, requesting an extension of the 90-day service period because the delay in service was outside of his control, as he had to rely on the Marshals Service to effect service of process, and because it appeared that Gore was being evasive.

Wargas then moved to dismiss the complaint against her, arguing, in part, that it was untimely because the statute of limitations on McGraw's claim expired before she was named as a defendant in the amended complaint. The district court agreed and dismissed as time-barred McGraw's claims against Wargas – and also, *sua sponte*, against Gore. *McGraw v. N.C. Dep't of Corr.*, No. 5:19-CT-3116-M, 2020 WL 5632957, at \*8 (E.D.N.C. Sept. 21, 2020). McGraw's original complaint, the district court noted, was filed before expiration of the three-year limitations period on his § 1983 claim. *Id.* at \*5. But the amended complaint was filed only after that limitations period expired. *Id.* at \*7. And, critically, the second pleading did not "relate back" to the original under Rule 15(c) of the

6

Federal Rules of Civil Procedure because neither Wargas nor Gore received notice of the action "within the limitation period" for McGraw's § 1983 claim. *Id.*

McGraw filed this timely appeal.

## II.

The relation back of an amendment under Federal Rule of Civil Procedure 15(c) "presents a question of law" which we review de novo. *See Robinson*, 602 F.3d at 607. For the reasons given below, we conclude that the district court erred in applying Rule 15(c). We therefore vacate the district court's dismissal of McGraw's complaint against defendants Wargas and Gore and remand for further proceedings consistent with this opinion.

## A.

There is no dispute over the dates relevant to this appeal. The three-year limitations period on McGraw's underlying § 1983 claim expired on April 28, 2019. That is a few days after McGraw filed his original complaint and several months before McGraw filed his amended complaint. So the principal question in this case, as the district court recognized, is whether the amended complaint adding Wargas and Gore as defendants is itself timely because it relates back to the date of the original complaint.

Relation back of amendments is governed by Rule 15(c) of the Federal Rules of Civil Procedure. There is no dispute that McGraw satisfied the first relevant requirement for relation back under Rule 15(c): that the amended claim arise from the same "conduct, transaction, or occurrence" set out in the original pleading. *See* Fed. R. Civ. P. 15(c)(1)(B).

7

Here, as the district court held, that requirement was "plainly satisfie[d]," because McGraw's amended complaint asserted the same claims as the original. *McGraw*, 2020 WL 5632957, at *6.

What is at issue is Rule 15(c)'s notice requirement for cases, like McGraw's, in which an amended complaint "changes the party or the naming of the party against whom a claim is asserted." *See* Fed. R. Civ. P. 15(c)(1)(C). Under that provision, an amendment relates back only if,

> within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*Id.* The reference to Rule 4(m), as noted above, incorporates a 90-day notice period; under Rule 4(m), a defendant must be served within 90 days after a complaint is filed, or longer if good cause is shown. *See* Fed. R. Civ. P. 4(m).

1.

The district court held that because Wargas (like Gore) was not on notice of McGraw's § 1983 action within its three-year limitations period, McGraw's amended complaint could not relate back. *See McGraw*, 2020 WL 5632957, at *7. We agree with McGraw that the district court erred in its analysis. As we have made clear, the "limitation period for purposes of analyzing whether [a] newly added defendant received notice and should have had knowledge of the action" as required for relation back under Rule 15(c) is

8

not the statute of limitations for the underlying claim, but instead "the Federal Rule of Civil Procedure 4(m) service period." *Robinson*, 602 F.3d at 608 (internal quotation marks omitted). Relation back is allowed, in other words, so long as the added defendant had notice within the 90 days – or any "good cause" extension – allowed under Rule 4(m). *See id.*

Because we addressed this issue directly in *Robinson*, we need not belabor it here. This issue arises regularly, however, so we note that our holding in *Robinson* flows directly from the text of Rule 15(c)(1)(C), which makes clear that the required "notice" and knowledge must come "*within the period provided by Rule 4(m)*" for service. *See* Fed. R. Civ. P. Rule 15(c)(1)(C) (emphasis added). Indeed, that plain text is the result of a 1991 amendment to Rule 15(c) designed precisely to effectuate this result, in response to an earlier Supreme Court decision holding that relation back was not permitted where notice was provided within the time allowed for service but outside the statute of limitations for the plaintiff's claim. *See* Fed. R. Civ. P. 15 advisory committee's note to 1991 amendment (citing *Schiavone v. Fortune*, 477 U.S. 21 (1986)); *see also Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 458 (3d Cir. 1996) (discussing history). The current version of Rule 15(c), that is, expressly abandons the rule the district court applied in this case.

2.

That leaves us with only one question under Rule 15(c): whether Wargas and Gore were provided the necessary notice within the Rule 4(m) notice period. As to Wargas, at least, the answer is a straightforward yes, and again, our decision in *Robinson* is squarely on point. In that case, like this one, a *pro se* and *in forma pauperis* plaintiff – Tyrone

9

Robinson – filed a timely § 1983 action naming a state agency as the only defendant. After extensive proceedings, starting with frivolity review and including an appeal to this court, Robinson filed an amended complaint – well outside the original § 1983 limitations period – that named an individual defendant. Two months later, the district court authorized service by the Marshals Service, and the individual defendant was timely served a month after that. *Robinson*, 602 F.3d at 606–07. Nevertheless, the district court held that Robinson's amended complaint did not relate back to his original complaint, because the defendant did not receive notice within the limitation period. *Id.* at 608.

We reversed the district court. We first held, as described above, that the district court had applied the wrong notice period: Under Rule 15(c), a party must be on notice within the time allowed for service under Rule 4(m), not within the statute of limitations for the plaintiff's claim. *Id.* But we also went on to hold that for *in forma pauperis* plaintiffs, the governing Rule 4(m) service period is tolled while a district court screens a complaint for frivolity under 28 U.S.C. § 1915 and begins to run only after the court authorizes service. *Id.* ("[A]n *in forma pauperis* plaintiff should not be penalized for a delay caused by the court's consideration of his complaint."). In that case, once the district court authorized service, the defendant was served by the Marshals Service within the Rule 4(m) period – which meant that within the applicable time limit, the defendant received adequate "notice of the action" and "knew or should have known" that he was the intended defendant, as required by Rule 15(c). *See* Fed. R. Civ. P. 15(c)(1)(C)(i)–(ii); *Robinson*, 602 F.3d at 609–10.

10

When it comes to McGraw's complaint against Wargas, *Robinson* controls. Under *Robinson*, Rule 4(m)'s default 90-day period for service did not begin to run until November 5, 2019, when the district court completed its frivolity review of McGraw's amended complaint and authorized service by the Marshals Service. Wargas was served on February 3, 2020, the 90th day after authorization. So within the relevant time period, Wargas was formally served, receiving a copy of the complaint naming her as a defendant – which "clearly satisfies the [Rule 15(c)] notice requirement," *see Robinson*, 602 F.3d at 609 (internal quotation marks omitted). As in *Robinson*, the proceedings had not advanced to the point where Wargas could suffer any prejudice to her ability to defend against McGraw's claim: The only thing that transpired between filing of the original complaint and service of the amended complaint was frivolity review, so Wargas "would have been in the same position [she] is now" had she "been named as a defendant in the original complaint." *Id.* And Wargas also "knew or should have known that the action would have been brought against [her], but for a mistake concerning the proper party's identity," Fed. R. Civ. P. 15(c)(1)(C)(ii): Just as in *Robinson*, service with a complaint naming her as a defendant meant that she knew, within the Rule 4(m) period, that McGraw intended to sue her, even though he mistakenly named in his original complaint the state agency for which she worked. *See Robinson*, 602 F.3d at 609–10.

Wargas argues – and the district court appears to have agreed – that *Robinson* is distinguishable from this case. In *Robinson*, the district court suggested, the individual officer in question, though not named as a defendant, at least was identified as a wrongdoer in the original complaint's allegations, giving him some notice as to his potential status as

a defendant before the limitations period expired – whereas here, the original complaint's references to defendants yet "to be determined" provided Wargas (and Gore) with no meaningful notice at all. *See McGraw*, 2020 WL 5632957, at *5–6. As should be clear from our description of *Robinson*, this is a distinction without a difference. Whether a newly named party has notice before the statute of limitations on the underlying claim expires is not the question. What matters is whether there is notice before the Rule 4(m) service period expires. And to show notice during that critical period, the court in *Robinson* relied not on any theory of constructive notice arising from the original complaint, but on actual and formal service of the amended complaint by the Marshals Service, *see Robinson*, 602 F.3d at 609 – exactly the form of timely notice provided Wargas in this case.[4]

Finally, Wargas argues that McGraw's amended complaint cannot relate back because he named so-called "John Doe defendants" in his original complaint – with his reference to defendants yet "to be determined" – and substituting named parties for such placeholder defendants is not a "mistake" within the meaning of Rule 15(c)(1)(C)(ii)

---

[4] Nor, when it comes to Wargas, can we identify any other material difference between this case and *Robinson*. Wargas suggests, for the first time on appeal, that McGraw may have borne greater responsibility than Robinson for delays associated with the frivolity review of his complaints, making tolling of the Rule 4(m) service period less appropriate than in *Robinson*. Ordinarily, of course, we will not pass on claims that were not presented first to the district court. *See Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993). And in any event, we engaged in no such parsing of responsibility in *Robinson*, simply holding that "the period of time before the district court authorized service by the Marshals Service does not count" against the plaintiff for purposes of determining the service period. *Robinson*, 602 F.3d at 608. Given that McGraw promptly responded to all deadlines and requests by the district court, we see no reason to deviate from that straightforward rule.

(requiring that a new party "knew or should have known" that the action would have been brought against it "but for a mistake concerning the proper party's identity"). As *Robinson* explains, this court in *Goodman v. Praxair, Inc.*, 494 F.3d 458, 470–71 (4th Cir. 2007) (en banc), "rejected formalism in evaluating 'mistake' under Rule 15(c)." *Robinson*, 602 F.3d at 609–10. But we need not consider whether this means McGraw could substitute named parties for the "to be determined" defendants to which he alluded in filling out his form complaint, because that is not what happened here. Instead, McGraw's amended complaint substituted named parties Wargas and Gore for a *different* named party – a state agency immune from suit. And that is precisely the "mistake" we held correctable under Rule 15(c) in *Robinson*, where the plaintiff likewise sued a state agency entitled to sovereign immunity and then amended his complaint to substitute an individual defendant. *See* 602 F.3d at 606–07, 610.

In this respect, too, in other words, we need go no further than our holding in *Robinson* to resolve the status of McGraw's complaint against Wargas. As far as Wargas is concerned, Rule 15(c)'s requirements have been satisfied, and McGraw's amended complaint naming her as a defendant relates back to the date of his original pleading.

3.

Things are more complicated with respect to Gore, who, unlike Wargas, was not served with formal process during Rule 4(m)'s default 90-day service period. Under Rule 4(m), however, a court "must extend" the 90-day period if a plaintiff "shows good cause for the failure" to effect timely service. Fed. R. Civ. P. 4(m). And as we made clear in *Robinson*, "Rule 15(c)'s notice period incorporates any extension" granted under Rule

13

4(m). 602 F.3d at 608; *see* Fed. R. Civ. P. 15 advisory committee's note to 1991 amendment ("[T]his rule allows not only the [time] specified in [Rule 4(m)], but also any additional time resulting from any extension ordered by the court pursuant to that rule.").

When McGraw was notified that the Marshals Service had been unable to serve Gore, he promptly sought an extension of the service period under Rule 4(m). The district court never ruled on that request because it believed – incorrectly, as described above – that McGraw lost his chance to take advantage of Rule 15(c)'s relation-back rule when the statute of limitations on his § 1983 claim expired. Because the district court erred in that respect, we now remand for consideration of McGraw's extension request. And we note our discussion of this issue in *Robinson*, in which we suggested that where an *in forma pauperis* plaintiff, like McGraw, has no control over the delay in service of process by the Marshals Service, that delay "constitutes good cause requiring" a Rule 4(m) extension. 602 F.3d at 608–09 (citing *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) ("The prisoner may rely on the Marshals Service to serve process, and the Marshals Service's failure to complete service is automatically 'good cause' to extend time for service under Rule 4(m).")). Indeed, this very district court has said as much already, explaining that in these situations, "defects in service are not attributable to the plaintiff and create good cause to excuse a failure to serve." *Alford v. Rosenberg*, No. 7:16-CV-376-D, 2018 WL 2905741, at *2 (E.D.N.C. June 11, 2018).

If granted an extension, McGraw may well be able to perfect service within the enlarged Rule 4(m) service period – in which case, for the reasons given in connection with Wargas, his amended complaint against Gore also would relate back to the date of his

14

original filing under Rule 15(c). If for some reason McGraw is unable to serve Gore within whatever time is allowed under Rule 4(m), then we leave it to the district court on remand to consider whether McGraw nevertheless can satisfy Rule 15(c)'s notice requirement by showing that Gore was on constructive notice of his suit against her. *See Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001) (explaining that notice for purposes of relation back may be actual or constructive). On appeal, for instance, McGraw points to indications in the record that the Marshals Service may have contacted Gore successfully within the original 90-day service period, only to have her refuse service. We express no view on this matter, leaving initial consideration of this question – should it prove necessary – to the district court.

**B.**

Finally, we address an alternative argument by Wargas: Even assuming Rule 15(c) has been satisfied and McGraw's amended complaint relates back to his first, Wargas contends, his amended complaint is not saved, because his original complaint was a legal nullity. That is because, according to Wargas, the original complaint, submitted days before the expiration of the § 1983 statute of limitations, was unsigned; it was not until approximately two weeks later that McGraw, following the instructions of the district court, submitted a signed complaint. The upshot, Wargas says, is that there is no timely and valid original complaint to which McGraw's amended complaint can relate back.

The district court did not address this issue, perhaps because it was unnecessary to its holding or perhaps because it was raised for the first time in Wargas's reply brief on the motion to dismiss. *See Hamed v. Saul*, 432 F. Supp. 3d 610, 613 (E.D. Va. 2020) (deeming

15

waived an issue raised for the first time in a reply brief on summary judgment); *see also Hunt v. Nuth*, 57 F.3d 1327, 1338 (4th Cir. 1995) (explaining that ordinarily we do not consider arguments raised for the first time on reply). Because McGraw has not argued that the issue is waived, and because it is thoroughly briefed before us, we think it best to address and dispose of this question so that it does not generate additional confusion. *See Jordan v. Large*, 27 F.4th 308, 312 n.4 (4th Cir. 2022) (excusing potential waiver not raised by opposing party); *cf. Hunt*, 57 F.3d at 1338 (raising prudential concerns about reaching question that has not benefitted from briefing by both parties).

Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading be signed, either by an attorney of record or – for *pro se* litigants like McGraw – by a party personally. *See* Fed. R. Civ. P. 11(a). McGraw ran afoul of that rule on April 25, 2019, when he submitted his original complaint without his signature, as the district court explained to him a few days later. But Rule 11(a) also provides that prompt correction of this error will obviate any need to strike the pleading. *See id.* ("The court must strike an unsigned paper *unless the omission is promptly corrected after being called to the attorney's or party's attention*." (emphasis added)). And that is just what happened here: The district court notified McGraw of his omission on April 30, 2019, giving him 21 days to correct the deficiency; and on May 15, 2019, McGraw "promptly corrected" his omission with a signed version of his complaint. Under the plain terms of Rule 11(a), the result is that McGraw's original complaint, filed within the § 1983 statute of limitations, remains operative.

Wargas has identified no authority to the contrary.[5]   But there is Supreme Court precedent closely on point, and it confirms that McGraw's original complaint, "promptly corrected" under Rule 11(a), satisfies the relevant time limit.  In *Becker v. Montgomery*, 532 U.S. 757 (2001), a party failed to sign a notice of appeal, and did not correct the error before expiration of the time to appeal – a time limit the Court had described as jurisdictional, *id.* at 765.  But so long as a party promptly corrects an unsigned notice under the terms of Rule 11(a), the Court held, the appeal may proceed; if the original notice is timely, the "signature requirement" can be met "after the appeal period expires."  *Id.* at 763–65.

So too here.  Wargas does not argue – and could not, on this record – that McGraw did not "promptly correct[]" the signature defect in his original complaint once it was "called to [his] attention," as required by Rule 11(a).  *See* Fed. R. Civ. P. 11(a); *cf. Wrenn v. N.Y.C. Health & Hosps. Corp.*, 104 F.R.D. 553, 556–57 (S.D.N.Y. 1985) (noting that a failure to sign generally is a "mere technical defect" but finding a Rule 11(a) violation where plaintiff, once notified, did not correct the pleading for over five weeks).  Under these circumstances, as the Supreme Court instructs, McGraw should not "suffer[]

---

[5] Wargas does call our attention to several federal cases referring to unsigned pleadings as "nullities," but none of those cases involves the timeliness of an original pleading or "prompt[] correct[ion]" under Rule 11(a). Rather, they suggest only that courts will refuse to consider an unsigned complaint when the error is not promptly cured upon notice.  *See, e.g.*, *Wrenn v. N.Y.C. Health & Hosps. Corp.*, 104 F.R.D. 553, 556–57 (S.D.N.Y. 1985).  Similarly, the state law cases cited by Wargas provide no guidance here; decided under distinct state rules of procedure, they have no occasion to address Federal Rule 11(a), with its express provision for correction of signature errors.

17

dismissal of his [case] for nonobservance of [the signature] rule." *Becker*, 532 U.S. at 765. Instead, his original complaint, promptly corrected, remains sufficient to satisfy the governing statute of limitations.

## III.

For the foregoing reasons, we vacate the district court's order granting the motion to dismiss and remand for further proceedings consistent with this opinion.

*VACATED AND REMANDED*