In the

# United States Court of Appeals
## For the Seventh Circuit

No. 22-1259

ENEDEO RODRIGUEZ, JR.,

*Plaintiff-Appellant,*

*v.*

NICK MCCLOUGHEN,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:18-CV-899-JD-MGG — **Jon E. DeGuilio**, *Chief Judge.*

SUBMITTED SEPTEMBER 15, 2022 — DECIDED SEPTEMBER 28, 2022

Before EASTERBROOK, KIRSCH, and JACKSON-AKIWUMI, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* In November 2016 agents of several local, state, and federal agencies, armed with a search warrant, broke open the doors and windows of Enedeo Rodriguez's home at 6 am, threw a flash-bang grenade into the living room where his one-year-old daughter was sleeping, and searched for illegal drugs. Rodriguez was arrested and prosecuted in state court. He is serving a term of 32 years'

imprisonment. *Rodriguez v. State*, 2018 Ind. App. Unpub. LEXIS 682 (June 13, 2018).

Rodriguez sued 14 defendants under *Bivens v. Six Unknown Named Federal Agents*, 403 U.S. 388 (1971), and 42 U.S.C. §1983. He contends they violated the Fourth and Fourteenth Amendments by acts such as providing false information to the federal magistrate judge who issued the warrant and executing the search in an unreasonable manner. Two defendants were identified by codes, such as ATF UC 3749, that Rodriguez received in the criminal proceeding.

The district judge, screening the complaint under 28 U.S.C. §1915A, dismissed 13 of the 14 defendants, ruling that many had not been properly identified and that it was too late to fix the problem. 2020 U.S. Dist. LEXIS 10363 (N.D. Ind. Jan. 22, 2020). Other defendants prevailed for other reasons. The judge followed up with orders denying Rodriguez's attempts to amend the complaint to add parties or replace the codes with names. 2021 U.S. Dist. LEXIS 41111 (N.D. Ind. Mar. 4, 2021); 2021 U.S. Dist. LEXIS 111821 (N.D. Ind. June 15, 2021). Finally, the court granted summary judgment to the sole remaining defendant, because undisputed evidence shows that he did not play a role in obtaining or executing the warrant. 2022 U.S. Dist. LEXIS 22216 (N.D. Ind. Feb. 8, 2022).

There's nothing wrong with suing placeholder defendants, then using discovery to learn and substitute names. This is done all the time. See, e.g., *Bivens*; *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910 (7th Cir. 2000); *Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007) (plaintiff allowed to proceed against unnamed defendant until end of discovery); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 789 (7th Cir. 1995) (plaintiff's "initial ability to identify the

injurers is not by itself a proper ground for the dismissal of the suit").

But a plaintiff who uses placeholders must take account of the clock: substitution must be completed before the statute of limitations expires. For claims such as those Rodriguez has made, that period is two years. *Cesal v. Moats*, 851 F.3d 714, 721–22 (7th Cir. 2017); *Logan v. Wilkins*, 644 F.3d 577, 581 (7th Cir. 2011). Rodriguez dug a hole for himself by not filing suit until time was almost up. The search occurred on November 2, 2016, and the complaint is dated October 24, 2018. For current purposes we must assume that the prison-mailbox rule allows Rodriguez the benefit of that date for filing.

A plaintiff may be able to replace or add defendants after the period of limitations has run by using the relation-back doctrine of Fed. R. Civ. P. 15(c)(1)(C). A party may be treated as if named in the original complaint,

> if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Rule 15(c)(1)(B) is met here because "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out … in the original pleading". But the district judge thought that the other condition, adding the right names or new defendants "within the period provided by Rule 4(m)", could not be satisfied.

Rule 4(m) requires service of the complaint and summons within 90 days after the complaint's filing. This sets a limit on how long, after the statute of limitations has lapsed, a defendant (or prospective defendant) may be required to go without notice of the suit. Rule 4(m) says that a suit must be dismissed if service takes longer than 90 days, with this exception: "if the plaintiff shows good cause for the failure [to serve within 90 days], the court must extend the time for service for an appropriate period." The district court did not consider whether the delay in service fits the exception.

Section 1915A, which requires district judges to screen prisoners' complaints, forbids service of process until screening has been completed. This protects potential defendants from frivolous suits but adds a source of delay. Section 1915A(a) requires the district judge to screen complaints "as soon as practicable" after filing, but that does not always happen. See, e.g., *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012). The screening in this case took more than a year (the complaint was filed in fall 2018 and not screened until January 2020). That put the timing of service beyond Rodriguez's control. Not until the district court acted under §1915A was service possible—and by then the 90 days, and the statute of limitations, had long expired.

The district court counted all of this time against Rodriguez and concluded that, by the date of the screening order, it was too late to identify or add parties. Yet when good cause for deferred service exists, "the court *must* extend the time for service" (Rule 4(m), with emphasis added). Within 90 days of the district court's screening order, Rodriguez filed amended complaints naming some defendants and adding others. (The screening order was filed on January 22, 2020, and the

proposed amendments on March 3, 2020, and April 13, 2020.) Service could have been effected on time, given the extension, had the district court permitted it—as it should have done.

The relation between delay required by §1915A and "good cause" in Rule 4(m) is a novel issue in this circuit but not in the appellate judiciary as a whole. It has come up in at least two circuits, both of which have held that delay required by §1915A always is "good cause" under Rule 4(m). See *McGraw v. Gore*, 31 F.4th 844, 850 (4th Cir. 2022); *Richardson v. Johnson*, 598 F.3d 734, 738–39 (11th Cir. 2010). Another circuit reached the same conclusion for delay required by 28 U.S.C. §1915. See *Urrutia v. Harrisburg Police Department*, 91 F.3d 451, 460 (3d Cir. 1996). And we have reached a similar conclusion in two other circumstances in which the national government caused delay in service. See *Graham v. Satkoski*, 51 F.3d 710, 712–13 (7th Cir. 1995) (delay by Marshals Service is always "good cause"); *Paulk v. Air Force*, 830 F.2d 79, 82–83 (7th Cir. 1987) (statute of limitations tolled pending district court's decision whether to grant IFP status and authorize service). For the reasons given in these decisions, delay caused by screening under §1915A is "good cause" for belated service, which increases the time for relation back under Rule 15(c).

The requirements of Rule 15(c)(1)(C) still must be met, particularly the need to show that the newly named defendant knew or should have known that he would have been a party but for a mistake in filing the original complaint. The district judge apparently thought that someone who names a defendant using a code cannot have made a "mistake", because he knew that a code is not a name.

That's not what "mistake" means in Rule 15(c)(1)(C)(ii). As the Supreme Court explained in *Krupski v. Costa Crociere S. p.*

*A.*, 560 U.S. 538, 548–57 (2010), the operation of Rule
15(c)(1)(C) principally depends on what the putative defend-
ant knew or should have known. The Justices equated "mis-
take" with any erroneous belief. 560 U.S. at 548. The right
question, they held, is whether someone in the position of the
newly added defendant knew or should have known that he
would have been a party, but for the occurrence of some prob-
lem. This is enough to allow Rodriguez to substitute real
names for the agents initially identified by code names.

These agents knew of their role in the search and were pre-
pared to testify in the criminal trial; they also knew, or should
have known, that Rodriguez had commenced civil litigation
to contest the validity of the warrant and its execution. And
Rodriguez made a "mistake" from his own perspective. He
seems to have believed that use of the codes was essential to
preserve the agents' undercover status (that's what "UC"
means in the codes); the prosecutor in the criminal case may
well have told him this.

Suing a particular person by a code name differs from su-
ing "John Doe" or an equivalent placeholder. We held in *Her-
rera v. Cleveland*, 8 F.4th 493 (7th Cir. 2021), that, notwithstand-
ing *Krupski*, using a placeholder cannot be a "mistake" for the
purpose of Rule 15(c)(1)(C)(ii) because the plaintiff knows
that no one named "John Doe" was involved. That's not so for
a code name such as "ATF UC 3749". It designates a real per-
son. Suing a code name is in principle no different from suing
any other name, which must be linked to a particular person
by the time of judgment. In principle a person could be sued
by Social Security number, passport number, or any other
identifier. For some purposes the code is better; the world has

a lot of people named "John Smith" (and even some named "John Q. Public"), while a unique identifier is specific.

Whether the addition of other proposed defendants is compatible with Rule 15(c)(1)(C) is a subject that the district court must consider in the first instance. It is not possible to tell on the existing record whether these persons "received such notice of the action that [they] will not be prejudiced in defending on the merits" and "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper party's identity." In making those decisions, the district court must follow the approach laid out in *Krupski*.

Beyond all of the issues created by delayed identification of the persons who participated in obtaining and executing the warrant, Rodriguez's appeal presents several additional issues. They need not be dealt with in a published, precedential opinion. For the reasons given in a nonprecedential order issued contemporaneously with this opinion, the judgment of the district court is affirmed in part and vacated in part.