**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-2133**

_____

In re: ANGELA RYAN,

       Petitioner.

_____

On Petition for Writ of Mandamus to the United States District Court for the Middle District of North Carolina, at Greensboro.  (1:25-cv-00502-WO-JEP)

_____

Submitted:  September 26, 2025                                    Decided:  October 1, 2025

_____

Before AGEE, THACKER, and QUATTLEBAUM, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Angela Ryan, Petitioner Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angela Ryan petitions for a writ of mandamus seeking an order that, among other things, (1) directs the district court to take certain actions in Ryan's pending civil case, (2) sets aside certain state court orders in her child custody proceedings, and (3) enjoins further state court proceedings. We conclude that Ryan is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown*, LLC, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has "a clear and indisputable right to the requested relief" and "has no other adequate means to attain the relief [she] desires." *In re Murphy-Brown*, 907 F.3d at 795 (alteration and internal quotation marks omitted).

Ryan first requests that this court direct the district court to apply her filing fee to her civil complaint, withdraw her application to proceed in forma pauperis ("IFP"), and issue summonses for the defendants. We conclude, however, that Ryan has other adequate means of obtaining such relief. That is, Ryan may withdraw her IFP application in the district court thus resulting in the application of the filing fee to her complaint. She may also request that the district court issue summonses after she withdraws her IFP application.[*]

---

[*] Insofar as Ryan contends that the district court's failure to issue summonses has caused the service period under Fed. R. Civ. P. 4(m) to expire, we observe that the "service period is tolled while a district court screens a complaint for frivolity under 28 U.S.C. § 1915 and begins to run only after the court authorizes service." *McGraw v. Gore*, 31 F.4th 844, 850 (4th Cir. 2022).

Ryan next requests that this court direct the district court to rule on her Ex Parte Motion for Temporary Restraining Order, Stay of State Court Proceeding, and Appointment of Counsel. We observe that the magistrate judge very recently issued a recommendation on that motion and that Ryan has filed objections to that recommendation. Moreover, our review of the record does not reveal any undue delay on the district court's part with respect to Ryan's motion.

Ryan also requests that this court order the district court to appoint her counsel. But we are satisfied that Ryan has not shown a clear and indisputable right to the appointment of counsel. *See Jenkins v. Woodard*, 109 F.4th 242, 250 (4th Cir. 2024). In addition, Ryan's motion for the appointment of counsel is pending in the district court, so she has another available avenue for obtaining that relief.

Turning to Ryan's request that this court set aside the state court's orders, this court lacks jurisdiction to review those orders. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). As for Ryan's request that we enjoin further state court proceedings, we lack jurisdiction to grant mandamus relief against state courts and state officials. *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). And even if we had jurisdiction to consider Ryan's requests related to the state court proceedings, we would conclude that she has demonstrated neither that she lacks other adequate means to attain the relief that she seeks nor that she has a clear and indisputable right to such relief.

Accordingly, although we grant Ryan's motion to supplement her mandamus petition to the extent that she asks us to consider the magistrate judge's recommendation and her objections thereto (ECF No. 10), we deny the other relief requested in that motion,

the petition for a writ of mandamus, and all relief requested in the petition, including Ryan's requests for an emergency stay, for the appointment of counsel in this court, and for an award of attorney's fees and costs.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*